JEANES v. BLOUNT. (No. 379.)

(Court of Civil Appeals of Texas. Beaumont. June 6, 1918. On Rehearing, Oct. 28, 1918.)

On Rehearing.

1. LANDLORD AND TENANT ☞262(4) — LIEN FOR RENT AND SUPPLIES—EVIDENCE.

Where crop mortgagee sued mortgagor's landlord as for conversion, and landlord admitted having taken the crops, valued at $330, in payment of the rent and supplies furnished by him, worth $333, and there was in evidence a letter from the landlord stating that at its date the tenant owed him $200, verdict that the value of the supplies was $191 could not be upheld, because it had no foundation in the evidence.

2. TRIAL ☞333 — VERDICT — CONFORMITY WITH EVIDENCE IN AMOUNT.

A jury cannot arbitrarily set an amount in a verdict that is not sustained by the evidence.

Appeal from San Augustine County Court; E. T. Anderson, Judge.

Action by T. W. Blount, Jr., against F. C. Watkins and E. F. Jeanes, and from the judgment the latter appeals. Affirmed. On motion for rehearing motion granted, judgment reversed, and cause remanded.

Davis & Davis, of Center, for appellant. Wm. McDonald, of San Augustine, for appellee.

BROOKE, J. This suit was originally instituted in the county court of San Augustine county, Tex., by T. W. Blount, Jr., against F. C. Watkins and E. F. Jeanes. April 24, 1916, the plaintiff, T. W. Blount, Jr., filed his first amended original petition, upon which he went to trial on the 27th day of August, 1917. It was a suit primarily against F. C. Watkins, the plaintiff T. W. Blount, Jr., alleging that the said Watkins was indebted to him by promissory note in the sum of $86, due November 1, 1915, bearing 10 per cent. interest from the 26th day of January, 1915, and calling for the usual 10 per cent. attorney's fees, and for a balance due on open account for the year 1915, amounting to $124.86; it being also alleged by the appellee that all of said above-mentioned amount was secured by mortgage lien on all of the cotton to be raised by the said F. C. Watkins during the year 1915 on the farm known as the Jeanes farm, in Nacogdoches county, Tex., the appellee, Blount, further alleging that the appellant, Jeanes, with actual and constructive notice and knowledge of the mortgage lien held by appellee against the said F. C. Watkins, unlawfully and wrongfully seized and converted all of said cotton to his own use and benefit, and prayed for judgment against the appellant, Jeanes, for the value of the cotton so seized and converted.

On the trial of the cause, on the 27th day of August, 1917, the defendant F. C. Watkins wholly made default, and the court rendered judgment against him for the full amount of the note, interest, and attorney's fees, and the balance due on the open account.

The appellant, Jeanes, went to trial on his first amended original answer, filed on the 27th day of November, 1916, the appellant, Jeanes, answering by general and special exceptions, general denial, and further, that he, the appellant herein, for the year 1915, rented from his father, the owner of same, what is known as the Jeanes farm, in Nacogdoches county, Tex., with privilege of subrenting same to whomsoever he saw fit, and that later he, as landlord, subrented a part of said premises to the defendant Watkins, and to his brother Eugene Jeanes, and that the appellant herein, F. C. Watkins, and Eugene Jeanes agreed that they would work said land above mentioned during the year 1915, working the said crop on a "through and through" basis; that is, that the three of them would work the crop as a whole; and, further, that after the said appellant, Jeanes, herein had paid the rent and all expenses incident to the making, gathering, and housing of said crop, the net balance remaining would be divided equally between the three of the parties above mentioned; the appellant, Jeanes, herein further alleging that said crop was worked by the three of them in pursuance of said agreement and understanding, and that he paid the rent to his father, as well as paying all of the other bills incurred by the three of them for that year, while making, gathering, and harvesting the said crop, and that after doing so, and dividing the proceeds of the crop, and charging the said F. C. Watkins with his one-third of the expenses incident to the making, etc., of the crop, that the said Watkins was then not entitled to anything from the said crop, but, on the contrary, owed appellant, Jeanes, the sum of $3.07, for which Jeanes asked judgment against Watkins, and further denying that he had converted any part of said crop. The appellant, Jeanes, also attached an exhibit to his answer, showing an itemized statement of the transactions between himself, F. C. Watkins, and his brother Eugene Jeanes, which showed that the defendant Watkins was due the appellant, Jeanes, the sum of $3.07.

The case was submitted to the jury on the following charge of the court:

"The plaintiff in this cause instituted this suit by petition filed on the 27th day of November, 1916, praying for judgment against F. C. Watkins on a certain note, dated January 26, 1915, due on November 1, 1915, for the sum of $86, bearing ten per cent. interest and ten per cent. attorneys' fees, alleged to have been executed by defendant Watkins and delivered to plaintiff herein.

"Said plaintiff also in said suit prays judgment against said Watkins for the sum of $124.86, alleged to be due to this plaintiff by said Watkins for goods and merchandise sold by plaintiff to said Watkins during the year 1915.

"The plaintiff also asks a foreclosure of a

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

206 S.W.—14

chattel mortgage alleged to have been executed by the defendant Watkins on January 26, 1915, covering the entire cotton crop to be raised, produced, and gathered by said Watkins, assisted by his family or any hired help, or any lint cotton he may have, during the year 1915, on the farm known as the T. W. Jeanes farm, on any other land he may work or have worked by hired help or otherwise, during said year 1915, alleged to have been executed by the defendant Watkins to secure said note and account.

"The plaintiff alleges also that during said year the defendant made, raised, and gathered on said farm mentioned in said mortgage five and one-fourth bales of lint cotton, with the seed from the same, and that said cotton and seed were covered by said mortgage given to secure the payment of said note and account.

"The defendant Watkins having made no answer in this court, judgment was rendered against said defendant on the 27th day of August, 1917 (the day this case was called for trial), for the amount due on said note and account, with a foreclosure of the mortgage lien as prayed for by the plaintiff.

"The plaintiff Jeanes is alleged by plaintiff to have seized and converted the cotton and cotton seed raised by said defendant Watkins during said year to his own use and benefit, and judgment is asked by the plaintiff against the defendant Jeanes for the value of said cotton and cotton seed so alleged to have been converted.

"The defendant Jeanes has answered in this suit that he was the landlord of the defendant Watkins, and that said Watkins was indebted to him, and that the portion of the crop raised by said Watkins was applied by him, the defendant Jeanes, to the payment due on such indebtedness, and also alleges that said crop was insufficient to pay such indebtedness, and that the defendant Watkins is still due him the sum of $3.07, and denies that he converted any of said crop.

"In order to determine the rights of the parties hereto it will be necessary for you to determine the following facts, viz.:

"1st. Did the relation of landlord and tenant exist between the defendant Jeanes and the defendant Watkins?

"2d. The amount and value of the crop raised by said Watkins on said place.

"3d. The amount of indebtedness due by said Watkins to said defendant Jeanes for supplies furnished by said Jeanes to said Watkins to make, raise, and harvest said crop during said year.

"The court submits to you certain questions for your determination, and which you will answer.

"Question 1: "Did the relation of landlord and tenant exist during the year 1915 between the defendant F. C. Watkins and the defendant E. F. Jeanes? Answer this question 'Yes' or 'No.' (To this question the jury answered 'Yes.')"

Question 2: "If you answer question No. 1 'No,' you need not answer the following question. If you answer the first question 'Yes,' then you will answer this question: What was the value of the supplies furnished by the defendant Jeanes to the defendant Watkins to enable the said Watkins to make, raise, and harvest said crop? Answer this question by stating the value of such supplies. (To this question the jury answered '$191.63.')"

Question 3: "If you answer question No. 1 'Yes,' then you will answer the following question: What was the value of F. C. Watkins' part of the crop raised during the year 1915 on said farm after payment of the rent due by him? You will answer this question by stating the value. (To this question the jury answered '$330.46.')"

Question 4: "If you have answered that the relation of landlord and tenant existed between the defendants Jeanes and Watkins, and have stated the value of supplies furnished by said Jeanes to said Watkins, then you will answer this question: What was the value of the supplies furnished by said Jeanes to said Watkins that were necessary to enable said Watkins to make, raise, and harvest said crop? You will answer this question by stating the amount. (To this question the jury answered '$191.63.')

"In this connection you are charged that, in order to create the relation of landlord and tenant, it is not necessary that such agreement be in writing, but may arise from an oral agreement, and, when such relation exists, the landlord has, by virtue of the statute, a first lien on the crops raised by the tenant during the current year to secure the payment of such supplies so furnished as were actually necessary to enable him to make, raise, and harvest such crop, and such lien will cover the animals, tools, and other property furnished by the landlord to the tenant, and the crop raised on the rented premises, but before such lien will cover such property it must appear to you from the facts that the supplies so furnished were actually necessary to enable the tenant to make, raise, gather, secure, house, and put such crop in condition for the market.

"The burden of proof rests upon the plaintiff to establish by a preponderance of the evidence the material allegations of his petition, and, if he has failed to do so, he cannot recover.

"You are the sole and exclusive judges of the facts proved, the weight and value of the evidence, and the credibility of the witnesses, but the law you receive from the court and must be governed thereby."

The first, second, and third assignments are as follows:

(a) The court erred in refusing to sustain the motion of the defendant E. F. Jeanes to render judgment for said defendant, notwithstanding the answers of the jury in response to special issues Nos. 2 and 4, as fully appears from said motion filed as a part of the record in this case.

(b) Because the verdict and judgment rendered thereon is contrary to the law and the evidence.

(c) Because the finding of the jury in answer to special issues Nos. 2 and 4 submitted to them for their consideration is without support in the record, because the evidence introduced by the defendant established clearly and conclusively this appellant's demand against his codefendant Watkins for advances and supplies furnished him to enable him to make a crop on the farm of this appellant for the year 1915 to be $333.53, and there was no evidence introduced in the case which in any manner contradicted the evidence of this defendant on this issue, by reason of which fact this defendant as a matter of law was entitled to a finding in answer to special issues Nos. 2 and 4 in accordance with the evidence in the case offered by this defendant in support of said claim, and, there being no evidence to warrant the finding of the jury on said special issues, said verdict on said special issues is insufficient to support the judgment of the court rendered thereon.

It appears from the statement of facts in this case that during the year 1915 E. F. Jeanes rented a farm from his father, and

thereafter entered into a, partnership agreement with his brother and the defendant F. C. Watkins, wherein it was agreed that they would work said crop, each paying his proportionate part of the expense of so doing, and, on a sale of the products so raised, to deduct the expenses of raising and gathering the crops, and to divide the remainder equally between the three of them. The defendant Jeanes attached as an exhibit to his answer a statement of an account claimed by him against the defendant Watkins. This account was attacked by the plaintiff in this cause on the ground that a large proportion of the articles on said account claimed to have been furnished by E. F. Jeanes to the defendant Watkins were not such as were necessary to enable the said Watkins to make, raise, and harvest his proportionate part of the crop. The jury, having before it the testimony of both Watkins and Jeanes and the other witnesses, found from the evidence that $191.63 was the total value of the articles furnished by the said Jeanes to the said Watkins to enable him to make, raise, and harvest his proportionate part of the crops. The jury found from the testimony that the relation of landlord and tenant did exist between Watkins and Jeanes; it found the value of F. C. Watkins' proportionate part of the crop was $330.46; it found that the value of the articles furnished by Jeanes to Watkins necessary to enable Watkins to make, raise, and harvest his proportionate part of the crop was $191.63. It was admitted by the defendant Jeanes in this case that he received in cash from the sale of the products from said farm $991.38, one-third of which, $330.46, was due F. C. Watkins as his proportion of the crop. The jury having returned its answers to the questions submitted to it, finding as above stated, the court rendered judgment against the defendant E. F. Jeanes in favor of the appellee herein for the sum of $138.83. The appellee having a mortgage on record executed by F. C. Watkins on said crop, and E. F. Jeanes having converted to his own use and benefit the amount of $138.83, as found by the jury, we are not able to say that the jury were not authorized to render said judgment, and the facts justified the same. The assignments are all overruled, and the judgment of the lower court is in all things affirmed.

### On Rehearing.

KING, J. At a former date this cause was affirmed, but upon motion for rehearing, after a careful study of the evidence, we have come to the conclusion that the court was in error in so affirming the judgment, and that appellant's assignment of error that there was no testimony in the record that would justify the verdict of the jury ought to be sustained.

[1; 2] We have looked in vain for any testimony that would support the verdict of the jury that the value of the supplies furnished Watkins by appellant Jeanes was $191.63. Jeanes testified positively that the account was $333.53, and he was strongly corroborated by his tenant, Watkins. The only evidence introduced by appellee to the contrary was a letter from Jeanes of date February 7, 1916, that the amount Watkins owed him for supplies was $200. Had the jury returned a verdict setting the amount at $200 we would not feel inclined to disturb it, but under no possible theory of the evidence can the sum of $191.63 be arrived at. A jury cannot arbitrarily set an amount in a verdict that is not sustained by the evidence.

The motion for rehearing is granted for these reasons, and the cause is reversed and remanded.