## FEDERAL UNDERWRITERS EXCHANGE v. CHAMBERS.

### No. 3638.

Court of Civil Appeals of Texas. Beaumont.

April 12, 1940.

Rehearing Denied May 1, 1940.

850

Battaile & Burr, of Houston, for plaintiff in error.

Gaston Wilder and Howth, Adams & Hart, all of Beaumont, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellant and appellee. This is a Workmen's Compensation case, with appellee the employee and appellant the compensation insurance carrier. The jury found that on the 10th day of February, 1938, appellee suffered "total incapacity to work and earn money," and that such total incapacity would continue 401 weeks from the date of the accident. The jury also found all additional facts essential to support a judgment for compensation, and further found in his favor the issues submitted on a lump sum settlement. On the verdict of the jury fixing the average weekly wage, the compensation rate amounts to $15.50. Judgment was entered in appellee's favor for compensation for 401 weeks at $15.50 a week, to be paid in a lump sum of $5,387.26, with interest at 6% per annum from the 15th day of May, 1939, the date of the judgment.

We quote appellant's proposition on the sufficiency of the evidence to support the finding of total incapacity for 401 weeks: "In the following discussion of the foregoing propositions of law controlling the issue presented for review, we wish it clearly understood that appellant does not raise a question of the weight or preponderance of the evidence, or the credibility of the witnesses. Such questions are for the determination of the jury and almost conclusive upon the reviewing courts. What appellant does contend is: That the verdict of the jury finding total disability for a period of 401 weeks has no basis or support in the evidence before it." It is the law, as appellant contends, that a jury cannot disregard the evidence and arbitrarily make a finding which has no basis in the evidence. Smith v. Hoffman, Tex. Civ.App., 201 S.W. 204; Jeanes v. Blount (Beaumont court) Tex.Civ.App., 206 S.W. 209; Karr v. Cockerham, Tex.Civ.App., 71 S.W.2d 905; Texas Employers Ins. Assn. v. Pearson, Tex.Civ.App., 67 S.W.2d 630. As related to the facts in this case, appellant's proposition is overruled. The jury's verdict, finding total incapacity for 401 weeks, has satisfactory support in the evidence. Appellee testified, quoting from his brief:

"That while working for his employer on the big bridge across the Neches River (commonly known as the Port Arthur bridge) a heavy cable, which was pulling an object weighing approximately twenty tons, broke, knocking him over seven feet through the air, and that he would probably have been driven a further distance but for the fact that he landed against Mr. William Clinton DeWitt, and he and Mr. DeWitt were both finally stopped by some other stationary object.

" 'A. That engine was in motion when I was struck, pulling a shed that would weigh approximately twenty tons, a shed that come over the—covered the concrete, about 120 feet long, made out of two-by material, two by six and two by eight, and I judge it would be approximately twenty tons, and the engine was holding it up on those rollers, and was still pulling when I was hit, and they flagged him down and stopped him after I was hit.

" 'Q. When you went up to Dr. Knight's office, in Port Arthur, do you know whether there were any signs or evidence of injury on your back? A. I could feel a big ridge across my back there. I couldn't see

it, but I could feel a big ridge. My wife said—

"'Q. Don't tell what your wife said. Could you feel it? A. Yes, sir, I could feel it with my hand.

"'Q. Could you tell about the location and size of it from the feel of it? A. It was right across the small of my back and about six inches long and felt like it was something near as big as my arm.'"

Appellee's foreman sent him to Dr. Max John Knight, the company doctor. Having examined appellee, Dr. Knight advised him that he might be able to go back to work on the job and do light work in four or five days. Appellee made an effort to do this, but was not able to do his work. His foreman and a Mr. DeWitt testified that he was not able to do the work. Before he was injured, appellee was a satisfactory employee and did his work satisfactorily; after his injury, on the undisputed testimony of the men who worked with him, he was not able to do his regular work; he was permitted to do light work, but after a short while he was not able to do that. After his injury, appellee was not able to work for his employer nor for anyone else, and since leaving his employment he has not worked for anyone else. Dr. E. C. Ferguson testified that in his opinion appellee was permanently disabled and had a permanent injury. It would serve no useful purpose to give a detailed statement of the evidence. We have examined it carefully and are satisfied with its weight and sufficiency.

 Dr. Ferguson examined appellee four or five times; had X-rays made which he examined personally and which he submitted to experts. Dr. Ferguson's testimony covers pages 84–102, inclusive, of the statement of facts. After his testimony was all in—he had been examined and cross examined four or five times—appellant made the following motion, which was overruled:

"Mr. Battaile: I move to strike the opinion of Dr. Ferguson on the ground the doctor was consulted purely for the purpose of making examination and qualifying as a witness, and his opinion is predicated on self-serving, hearsay declarations and statements of the plaintiff himself.

"The Court: I overrule the objection.

"Mr. Battaile: Note our exception."

The court correctly overruled the motion; the exception was too general. Much of the testimony given by Dr. Ferguson was free of any possible exception, and under no construction of the law could fall within appellant's proposition that he examined appellee only for the purpose of testifying.

We sustain the proposition that the verdict, as a matter of law, does not support a lump sum settlement; a lump sum settlement has support only in death cases or cases of total, permanent incapacity. Article 8306, Sec. 15, Vernon's Ann.Civ. St.; Traders & Gen. Ins. Co. v. Marrable, Tex.Civ.App., 126 S.W.2d 746.

It follows that the judgment of the lower court should be reformed by eliminating therefrom the decree awarding a lump sum settlement; but judgment should be in favor of appellee, with execution, for all accrued weekly payments to the date of this decree, with interest thereon at the rate of 6% per annum from their date of accrual; the judgment should further direct the regular payment of weekly compensation at the rate of $15.50 per week. Our clerk is directed to make the necessary calculations, to make the judgment conform to this order.

Reformed and affirmed.