### BARCLAY v. BURGE.

### No. 4776.

Court of Civil Appeals of Texas. Beaumont.

Jan. 31, 1952.

Rehearing Denied Feb. 20, 1952.

F. K. Dougharty, C. R. Wilson, Liberty, for appellant.

W. G. Woods, Jr., and Cain & Cain, Liberty, for appellee.

R. L. MURRAY, Justice.

Appellee Burge owned a registered Brahman bull and appellant Barclay owned a good pasture with a small herd of about a dozen cows. By agreement, Burge placed his bull and one heifer in Barclay's pasture. This contract of bailment was for the mutual benefit of the parties. Burge was, by the arrangement, relieved of the necessity of feeding and caring for the bull, while Barclay received the ordinary and usual services of the bull for his cows. This arrangement was in effect for a short time more than a month, and then the bull was found dead, outside Barclay's pasture, in the pasture adjoining. The ground was torn up to some extent around the dead bull, but not near the fence of the pasture where he was kept. How the bull met his death is not shown by the evidence. He had been dead from two to four days when found.

Burge sued Barclay for his damages occasioned by the loss of his bull. The jury found: (a) that Barclay was negligent; (b) that such negligence was the proximate cause of the bull's death; and (c) that the bull's market value was $500. The court entered judgment on the verdict for Burge against Barclay for $500, and he has perfected his appeal.

At the conclusion of the testimony the appellant moved the court for an instructed verdict which motion was overruled by the court. The appellant's first four points maintain that the trial court erred in overruling his motion for the four reasons that: (1) there was no proof of negligence in any particular or in any degree on his part in the care and preservation of the bull under the contract of bailment; (2) it was undisputed that if he the appellant failed to maintain the fence surrounding the pasture in which the bull was kept, such failure did not constitute negligence, there being no proof that the fence was not in as good state of repair at the time the bull escaped from the pasture about the last days of May, 1950, as it was when the bull was placed in said pasture on April 21, 1950; (3) it was without dispute in the evidence that a Brahman bull of the size and weight of the dead bull could escape at will through appellant's fence regardless of the state of repair of such fence, and this fact was known to appellee when he placed the bull in the pasture, and hence the failure of the appellant, if he did so fail, to maintain the fence in a good state of repair could not have been the proximate cause of the bull's escape from the pasture; (4) there was no proof to support the jury's finding that the bull's death was the result of appellant's failure to exercise ordinary care, it being shown without dispute that he fulfilled in every way his obligation to the appellee under the contract of bailment, there being no proof that the bull's death was caused by the failure of the appellant to fulfill his obligation under said contract, the death of the bull being unexplained.

We overrule these points and hold that the evidence raised a fact issue for the jury and the jury decided that issue against the appellant.

Mr. and Mrs. Barclay both testified on the trial, and according to them they had a small pasture, most of which could be seen from their home. They could look out from their house and see the cattle grazing anywhere in the pasture except down in one place where there were some trees; they had a dairy barn and water trough and feed trough near their house and the animals would come up to this place for their water and feed; neither of the witnesses knew that the missing bull was dead or even out of their pasture until Mr. Burge informed him that the bull was dead in the adjoining pasture. They both testified that they used the same care for the bull as they did for their own cows. The obligations of the bailee to bailor in a case such as this have been considered by the courts in many cases. The particular kind of bailment under which a person takes animals to graze and pasture on land which he owns or controls is technically termed an agistment. The agister, the one who agrees to pasture the cattle, is not an insurer thereof but is required by law to exercise only ordinary care for the safe keeping of the cattle. See Bagley v. Brack, Tex.Civ.App., 154 S. W. 247; 23 A.L.R. note, page 265; San-

chez v. Blumberg, Tex.Civ.App., 176 S.W. 904, 2 Amer.Juris. 706 and 3 C.J.S., Animals, § 17, p. 1108. The burden of proof in such a case generally lies with the plaintiff, but once he has shown the delivery of the animal to the bailee and the failure or refusal of the bailee to return him to the bailor on demand, then the burden of proof falls upon the bailee to show that the loss of the animal was not caused by any negligence on his part. See Smith v. Maher, 84 Okl. 49, 202 P. 321, 23 A.L.R. 276; Bagley v. Brack, supra. The doctrine of res ipsa loquitur has been applied by the Texas courts in this class of cases, the mere fact of injury to the animals being deemed to import negligence on the part of the bailee, and thus establishing a prima facie case for the plaintiff, entitling him to recover in the absence of a showing by the defendant that he was not negligent. 2 Tex.Jur. 749; Hislop v. Ordner, 28 Tex. Civ.App. 540, 67 S.W. 337, 338; Mecom v. Vinton, Tex.Civ.App., 191 S.W. 763. The reason given for thus placing the burden of proof is expressed in Hislop v. Ordner, supra, as follows: "The bailee has the sole possession and custody of the chattel bailed. He cannot return the article to the bailor in a damaged condition, or not return it at all, and by his silence defeat a recovery for the damage because of the bailor's inability to prove how the damage or loss happened. Although the burden of proof may rest eventually upon the plaintiff to establish his cause of action, until some reason is given for the injury to or loss of the property the bailee should properly be held answerable therefor." With this rule of the burden of proof applied here, it was for the jury to say whether Mr. Barclay's explanation of loss or escape of Mr. Burge's bull was sufficient to show that he was not negligent, or that he had used ordinary care. The jury did not accept his explanation, and found him negligent. For these reasons the appellant's first four points are overruled and the action of the trial court in submitting the case to the jury is approved.

■■ Appellant's fifth point complains of the action of the trial court in rendering judgment for $500 damages, and says that there was no evidence to support the finding of the jury and that such finding was the result of speculation or surmise and has no support in the evidence. The expert witness who testified for the appellee as to the value of the bull was Mr. W. C. Casey, who was an auctioneer and operated an auction ring where he sold registered Brahman bulls and cattle. He testified that in his opinion the bull of Mr. Burge, or one of that type, was worth from $750 to $1,000. The jury found he was worth $500. The appellant argues that the $500 finding has no support in the evidence and should not be allowed to stand and cites Smith v. Hoffman, Tex.Civ.App., 201 S.W. 204 and Jeanes v. Blount, Tex.Civ.App., 206 S.W. 209. We overrule this contention. The cases cited are in regard to liquidated damages. The appellant also testified that appellee Burge offered to sell him the bull in question at one time for $325. All of these matters were for the jury to consider, and the jury was not bound to accept the value placed on the bull by Mr. Casey. Since the question of the market value of the bull was a question of fact for the jury, it was not bound by the testimony of the expert nor by the testimony of the appellant as to what appellee offered to take for the bull. The jury's finding as to value is supported by the evidence. This point is overruled.

The judgment of the trial court is therefore affirmed.