**Frank SELIGER et al.**

**v.**

**Frank PEPPLE.**

**No. 6693.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 23, 1957.

Rehearing Denied Oct. 21, 1957.

Curtis Douglas and Don Cain, Pampa, for appellants.

Lawing & Hazlett, and Homer L. Moss, Borger, for appellee.

CHAPMAN, Justice.

This suit was instituted in the court below by Frank Pepple of Hutchinson County against Frank Seliger, Louis Seliger, and Maurice Seliger of the same county, doing business as Panhandle Pipe & Supply Company, a partnership, seeking recovery under a contract by which the Seligers agreed to purchase from Pepple certain 4-inch pipe to be removed from a pipe line then being used for supplying water to oil wells being drilled Southwest of Elk City, Oklahoma. The Seligers will hereinafter be referred to as appellants and Mr. Pepple as appellee.

The contract between the parties called for the sale and purchase of 38,075 feet of 4-inch "invasion pipe" and 5,504 feet of 4-inch steel pipe, but provided that a variation in footage delivered would not invalidate the contract. The price agreed for all pipe was 50¢ per foot. The contract further provided that appellee would talley and deliver the pipe, but that the racking at the place designated by the buyer did not constitute possession, delivery or ownership.

Trial was to a jury upon a charge submitting only one special issue, as follows:

"Special Issue No. 1

"What sum of money, if any, do you find from a preponderance of the evidence is due the seller, Frank Pepple, by the buyer, Panhandle Pipe & Supply Company, concerning the pipe in question which was racked by the seller and which pipe was not crooked, flat, or with welded joints?"

To the above issue the jury answered $7,004.29. The court below rendered judgment for the amount stated and from said judgment appellees have perfected their appeal to this court through eight assignments of error. The first five assignments go to the failure of the court below to grant appellant's motion for instructed verdict and their motion for a new trial and will be considered together. The sixth assignment raises the question of jury misconduct and the seventh and eighth assignments the admissibility of evidence.

In appellant's first five assignments of error, argued together, they complain, in substance that the verdict of the jury and the judgment of the court were contrary to the great weight and preponderance of the evidence and are contrary to and not supported by the law.

Appellee's principal witness, Kenneth Lewing, was also appellee's attorney during the negotiations leading to the contract, prepared the contract, took the acknowledgements of all parties thereto, spent nine days of physical labor helping to recover pipe from the pipe line and helped try the case in the court below. With the burden he carried in liquidating the pipe line, it is a tribute to him that he remembered the facts as well as he did.

Mr. Lawing was the only witness who furnished any testimony whatever from which the jury could have possibly arrived at the figure of $7,004.29 from the question submitted. The appellee, plaintiff below, did not testify in the case except by deposition and he did not undertake to tell how much pipe appellants accepted delivery on. There is some testimony in the record that he was quite ill during part of the time the transactions herein were taking place.

Under the contract by which the parties were operating one clause provided:

"Delivery of the pipe and couplings and rubbers shall be made simultaneously with payment, and the racking at place designated by buyer shall not constitute possession, delivery or ownership by buyer until payment is made."

We have studied this record very carefully and have not been able to find sufficient testimony of probative value which would warrant a finding by the jury that the appellants have accepted, under the clause of the contract just stated, a sufficient footage of pipe by which they would be liable to appellee for the sum assessed by the jury and awarded by the court.

The only testimony offered as to footage of pipe accepted by appellants was 27,717 feet, which, under the terms of the contract would have constituted an indebtedness of $13,858.50. It is admitted in the record that $13,603.50 has been paid. A jury does not have the authority to arbitrarily set an amount in a verdict not sustained by the evidence. Jeanes v. Blount, Tex.Civ.App., 206 S.W. 209.

The question of jury misconduct raised by appellant in their 6th assignment of error is a very serious question when this record is considered as a whole. In view of what we have said above it is unnecessary for us to pass on that question in this opinion, since it would be unlikely to happen on another trial.

We believe in the event of another trial the court below will find it necessary to submit the case on additional issues, but since that question is not properly raised by appellants we find it unnecessary to pass on it in this opinion.

Because of this disposition we have made of the first five assignments it is also unnecessary to pass on appellants Assignments Nos. seven and eight, going to the admissability of appellee's exhibits six and seven. However, this court has held that scale tickets of grain weighed at an elevator are not admissible in evidence until properly authenticated by proof that they correctly stated facts and were correctly kept as records. Locke v. Wallingford, Tex. Civ.App., 265 S.W. 1086. Only to be helpful we suggest that in the event of another trial appellee should be more specific in identifying such exhibits and in proving that they correctly stated facts and were correctly kept as records.

This case is reversed and the cause remanded for another trial.