RQ 1364



# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 10, 1976

The Honorable Joe Hubenak
Chairman
Committee on Agriculture and
   Livestock
P. O. Box 688
Rosenberg, Texas   77471

Opinion No. H-895

Re:  Applicability of
Texas Commercial Feed
Control Act of 1957 to
commercial feed lots.

Dear Representative Hubenak:

On behalf of the Agriculture and Livestock Committee, you have asked if the Texas Commercial Feed Control Act of 1957, applies to feedlot owners while engaged in feeding and maintaining animals of others for a fee, particularly with respect to the provisions regarding inspection and record-keeping.  V.T.C.S. art. 3881e.

Generally, the Texas Commercial Feed Control Act of 1957 regulates the sale or distribution of commercial feed for animals, including the registration of feed brands and the labeling of commercial feed containers.  The products covered by the act are subject to inspection by the Director of the Texas Agricultural Experiment Station and are subject to an inspection fee based on tonnage.  If a seller or distributor pays the inspection fee when the feed is sold instead of purchasing tax tags or certificates to be attached to feed containers, he must maintain and furnish records to reflect the tonnage of feed handled, and file quarterly reports.

In 1963 Attorney General Opinion C-105 (1963) declared that feedlot operators were engaged in "agistment," the bailment of animals for the purpose of grazing and pasturing them. See Barclay v. Burge, 245 S.W.2d 1021 (Tex. Civ. App. -- Beaumont 1952, no writ).  On that basis, the opinion concluded that feedlot operators were not engaged in the sale or distribution of commercial feed within the meaning of the Texas Commercial Feed Control Act of 1957.  During the intervening fourteen years, the statute has not been amended

and subsequent case law has not significantly affected the construction of the statute.  Cf. McMillen Feeds Inc. of Texas v. Harlow, 405 S.W.2d 123 (Tex. Civ. App. -- Austin 1966, writ ref'd n.r.e.); Attorney General Letter Advisory No. 49 (1973).

In view of the long continued acquiescence of the Legislature in the C-105 conclusion, we cannot say the unamended 1957 Act now applies to feedlot operators.  There has been some suggestion that the manner of operating feedlots has changed since 1963, but we cannot resolve disputed fact questions.  In the absence of legislative action expressing a different intent, we are constrained to conclude that feedlot owners or operators who merely hold and fatten cattle for others are not within the ambit of article 3881e, the Texas Commercial Feed Control Act of 1957.

### S U M M A R Y

Feedlot owners or operators who merely hold and fatten cattle for others are not covered by article 3881e, the Texas Commercial Feed Control Act of 1957.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb