

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-12-00006-CV

GERALD ALLEN PERRY                                        APPELLANT

V.

E.C. WILLIAMS, WARDEN; C.                                 APPELLEES
VONDRA, ASST. WARDEN;
TAMMY A. MESSIMER,
PROPERTY OFFICER; FRANKIE
HAYNES, LAW LIBRARIAN; RICH
WARDEN-FORMER; AND GENE A.
KROLL, WARDEN

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gerald Allen Perry appeals from the trial court's dismissal of his

claims against Appellees E.C. Williams, Warden; C. Vondra, Asst. Warden;

Tammy A. Messimer, Property Officer; Frankie Haynes, Law Librarian; Rich

---

[1]*See* Tex. R. App. P. 47.4.

Warden-Former[2]; and Gene A. Kroll, Warden. Because we hold that the trial court did not abuse its discretion by dismissing Perry's claims, we affirm.

Perry is an inmate at the James V. Allred Unit of the Texas Department of Criminal Justice (TDCJ). Perry sued Appellees for conversion of his books, harassment and discrimination related to the loss of his books, denial of access to the prison law library, retaliation, censoring of his mail, and denial of due process related to disciplinary hearings resulting in the loss of good-time credits.

Appellees filed a combined answer and motion to dismiss under chapter fourteen of the civil practice and remedies code.[3] In addition to challenging Perry's claims as having no factual or legal basis, Appellees alleged that Perry had failed to comply with procedural requirements of chapter fourteen because he had failed to attach a grievance affidavit and had failed to attach a complete affidavit of previous filings.[4] Appellees requested a hearing by submission and gave notice that discovery was suspended pending the hearing under section 14.003(d).[5] Perry subsequently filed an amended affidavit listing prior litigation he had filed.

---

[2]In Appellee's answer, they stated that this appellee's name is Steven Rich.

[3]Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (West 2002 & Supp. 2012).

[4]*See id.* § 14.004, 14.005.

[5]*Id.* § 14.003(d).

The trial court gave notice that it had set Appellees' motion for a hearing by submission. Six days after the hearing date, the trial court signed an order dismissing Perry's claims as frivolous for failure to comply with chapter fourteen. Perry now appeals.

## Standard of Review

We review a trial court's dismissal of an inmate's claim under chapter fourteen under an abuse of discretion standard.[6] A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable.[7]

## Analysis

Perry brings five points on appeal and makes a range of arguments under each. In his fourth point, he challenges the trial court's dismissal of his claims based on chapter fourteen's exhaustion of remedies requirement.

Under section 501.008 of the government code, TDCJ must maintain a system to resolve inmate grievances.[8] Under TDCJ's grievance system, an inmate who wishes to file a grievance about an incident or issue must fill out a Step 1 grievance form within fifteen days from the date of the incidence or

---

[6]*Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).

[7]*Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

[8]Tex. Gov't Code Ann. § 501.008 (West 2012).

3

occurrence of the issue and forward it to the unit grievance investigator.[9] If the inmate is not satisfied with the response to Step 1, the inmate may appeal the decision by filing a Step 2 grievance form within fifteen days from the date of the warden's signature on the Step 1 form.[10]

An inmate who files a claim that is subject to the grievance system must establish that he has exhausted these administrative remedies.[11] The inmate must also file with the court a copy of the written decision from the grievance system.[12] The inmate must also file an affidavit or unsworn declaration stating both the date that the grievance was filed and the date that the written decision was received by the inmate.[13] If an inmate fails to file a claim before the 31st day after the date the inmate receives the written decision, the trial court must dismiss the claim.[14]

Perry contends that the trial court should not have dismissed his claims for failure to exhaust administrative remedies. He states that under Texas law, a

---

[9]Tex. Dep't of Criminal Justice, Offender Orientation Handbook 52–53 (2004), *available at* http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf.

[10]*Id.*

[11]*Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 14.005.

[12]Tex. Civ. Prac. & Rem. Code Ann. § 14.005.

[13]*Id.* § 14.005(a).

[14]*Id.* § 14.005(b).

4

party adversely affected by an agency decision may have an inherent procedural due process right to seek judicial review without first exhausting administrative remedies. To support his argument, Perry cites a case in which the court stated that the appellant in that case might have had an independent right to challenge an agency's action through an original proceeding.[15] But the situation in that case is entirely distinguishable from the facts and procedural history of this case.[16] Perry has failed to articulate how his claims fit within any exception to the exhaustion of remedies requirement.[17] And Texas courts have consistently held that an indigent inmate asserting a claim that is subject to the grievance system must exhaust administrative remedies.[18]

---

[15] *Yamaha Motor Corp, U.S.A. v. Motor Vehicle Div., Tex. Dep't of Transp.*, 860 S.W.2d 223, 230 (Tex. App.—Austin 1993, writ denied).

[16] *See id.* at 229–30 (considering whether Yamaha was required to comply with procedural requirements of the Administrative Procedure and Texas Register Act before bringing a statutorily-granted right of judicial review, recognizing that in certain limited circumstances, such as when an agency acts outside its constitutional or statutory authority, a party may challenge the agency's action independent of the procedural requirements imposed by the act, and holding that the exception only allows a party to challenge the agency's action prior to the agency's rendition of a final order).

[17] *See Tex. Air Control Bd. v. Travis Cnty.*, 502 S.W.2d 213, 216–17 (Tex. Civ. App.—Austin 1973, no writ) (stating that the exceptions to the doctrine of exhaustion of administrative remedies are when the agency's action is unconstitutional or beyond its jurisdiction or clearly illegal; when the exhaustion of administrative remedies will cause irreparable injury; and when administrative remedies are inadequate, which usually involves long-continued and unreasonable delay in hearing and deciding the matter by the agency).

[18] *See, e.g., Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009) (stating that "[b]ecause the inmate's lawsuit here was also one subject to the grievance

Perry then argues that even if he were required to exhaust his administrative remedies through the TDCJ grievance procedures, he did so. We disagree. Perry filed copies of decisions for only one grievance with his original petition. With his amended petition, he filed copies of decisions from seven other grievances. He also included a Step 2 grievance form that had been returned to him; preprinted language on the form stating that "[y]ou may not appeal to Step 2 with a Step 1 that has been returned unprocessed" had been circled. For four of these grievances, he failed to submit a Step 2 grievance form, or if he did, he failed to include it with his petition. For his claims based on these four grievances that he did not take to Step 2, and for any claim based on the unprocessed Step 2 grievance form, Perry failed to exhaust his administrative remedies, and the trial court did not abuse its discretion dismissing them.[19]

Regarding the three other grievances filed with his amended petition, they were decided more than thirty-one days before the filing of his amended petition.[20] The grievances do not state on what date Perry received the decisions, and Perry failed to file the affidavit required by section 14.005(a)(1)

system established under the Government Code, the inmate was required to exhaust his administrative remedies and demonstrate that to the court").

[19]See Tex. Gov't Code Ann. § 501.008 (requiring an inmate to exhaust administrative remedies under the grievance system before filing suit).

[20]See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (stating that a trial court "shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system").

6

setting out the date that each grievance was filed and the date that the written decision was received by him.[21] We hold that the trial court did not abuse its discretion by dismissing Perry's claims that were based on the grievances for which Perry did not exhaust his administrative remedies.

Citing *Grounds v. Tolar Independent School District*,[22] Perry argues that the doctrine of exhaustion of remedies does not apply when there are pure questions of law involved. This case does not help Perry. Even were we to hold that chapter fourteen's exhaustion of remedies requirement does not apply to legal questions, none of Perry's complaints involved pure questions of law.

Perry also cites to a U.S. Supreme Court case[23] for the proposition that administrative remedies that are inadequate need not be exhausted. But the U.S. Supreme Court applies that principle only to judicially created exhaustion of

---

[21]*See id.* § 14.005(a)(1); *see also Wolf v. Tex. Dep't of Criminal Justice, Institutional Div.*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied) (pointing out that Wolf did not file the affidavit required by statute and thus did not provide the trial court with the information from which it could determine whether the lawsuit was timely filed but holding that, from the fact that the administrative decision and administrative communications were prepared nearly two years before the filing of the suit, and in the absence of any complaint from Wolf that he did not receive the decision in a timely manner, "it is entirely reasonable for the trial court to conclude that over thirty-one days had elapsed since Wolf was informed of the administrative decision").

[22]707 S.W.2d 889, 892 (Tex. 1986), *abrogated on other grounds by Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000).

[23]*Coit Independence Joint Venture v. Fed. Sav. & Loan Ins. Corp.*, 489 U.S. 561, 587, 109 S. Ct. 1361, 1375 (1989).

remedies requirements, not to statutorily required ones like chapter fourteen.[24] And in any case, Perry does not explain why the administrative remedies were inadequate to address his complaints.[25] We overrule Perry's fourth point.

In his first point, Perry argues that chapter fourteen "violates [the] United States Constitution Article 6 § 2 Supremacy Clause where [Perry's] Federal cause of action was dismissed on non-Federal ground of decision." Under this point, Perry argues that chapter fourteen violates two provisions of the United States Constitution: the Supremacy Clause and the First Amendment's right to petition the government for redress of grievances. Both of these arguments are without merit.[26] We overrule Perry's first point.

In Perry's second point, he contends that chapter fourteen is unconstitutional on its face "as discrimination against indigent[s] who can't afford to pay filing fees but have been victimized by unlawful State action." Under this point, Perry argues that chapter fourteen violates article 1, section 3 of the Texas constitution, which "guarantee[s] to all persons equality of rights," and that he is a

---

[24] *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975); *see also Woodford v. Ngo,* 548 U.S. 81, 85, 88, 126 S. Ct. 2378, 2382–83, 2384 (2006) (holding that under the Prison Litigation Reform Act of 1995, a prisoner must exhaust all available remedies before filing suit with respect to prison conditions under any federal law).

[25] *See* Tex. R. App. P. 38.1(i) (stating that the appellant's brief must contain a clear and concise argument for the contentions made).

[26] *See Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939–40 (Tex. App.—Fort Worth 1997, pet. denied) (considering and rejecting the same arguments).

8

member of a suspect class because he is African-American. But Perry does not allege that chapter fourteen treats African-American inmates differently from other inmates,[27] and on its face, chapter fourteen does not differentiate among indigent inmates.[28] Chapter fourteen does not therefore violate the equal protection provision of the Texas constitution by treating differently a suspect class of which Perry is a member.

Perry also argues that chapter fourteen treats indigent and non-indigent inmates differently, and he is a member of a suspect class because he is an indigent inmate. This argument is without merit.[29] We overrule this part of Perry's second point.

---

[27] *See Sanders v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (stating that to assert an equal protection claim, a plaintiff must establish that he was treated differently than other similarly-situated parties).

[28] *See id.* (noting that chapter fourteen applies to all suits filed by indigent inmates and the appellant did not claim that he was being treated differently than other indigent inmates and overruling the appellant's equal protection challenge to chapter fourteen).

[29] *See id.* at 226–27; *see also Perry v. Kroll*, No. 07-11-00265-CV, 2012 WL 280581, at *2 (Tex. App.—Amarillo Jan. 31, 2012, pet. denied) (mem. op.) (noting that "[c]hapter 14 neither singles out individuals of a suspect class nor implicates a fundamental right and, therefore, must only be rationally related to a legitimate state interest to survive an equal protection challenge" and holding that "the State has a legitimate interest in enforcing the procedural requirements imposed by Chapter 14"); *Thomas v. Bilby*, 40 S.W.3d 166, 170 (Tex. App.—Texarkana 2001, no pet.) ("Neither inmates nor indigents constitute a suspect class.").

Perry further argues that TDCJ is denying him effective access to courts by failing to provide assistance from persons trained in the law while he is prohibited from attending the Unit's law library due to his classification. Perry has a designated custody level of G5. TDCJ policies provide that offenders who have a custody level of G5 are not allowed direct access to the law library but are allowed "to request and receive up to three (3) items of legal research materials per day, delivered on three (3) alternating days per week (e.g., M-W-F) from the unit's law library collection for use in their cells" and may "request a legal visit for the purpose of conferring with another offender on legal matters by sending an I-60 form to the unit's Access to Courts Supervisor."[30] Perry argues that it is impossible to know what books he needs to request from the library and therefore this policy deprives him of access to courts. Perry relies on the U.S. Supreme Court's decision in *Bounds v. Smith*[31] to argue that "the fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

---

[30]Offender Orientation Handbook, at 92–93 (2004).

[31]430 U.S. 817, 97 S. Ct. 1491 (1977). *But see Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996) (stating that *Bounds* established a right of access to courts, not a right to a law library or to legal assistance, and that to establish a violation of the right of access to courts, the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim").

The TDCJ library policy has been upheld by our sister court.[32] Furthermore, even if we disagreed with that court's opinion, Perry did not exhaust his administrative remedies with respect to this claim. Perry filed a grievance related to the library's failure to provide him with certain requested materials, but the grievance did not include a complaint about the library policy allowing him only three items at a time. And that grievance was one of those discussed above that Perry failed to pursue to Step 2 of the grievance procedure. Because Perry did not follow the grievance procedure for this complaint, the trial court did not abuse its discretion by dismissing it. We overrule the remainder of Perry's second point.

Perry argues in his third point that chapter fourteen violates the U.S. Constitution's due process clause by depriving him of property—specifically, a § 1983 cause of action[33]—without a hearing. The trial court held a hearing by submission, and it allowed Perry to file a twenty-nine page response to Appellees' motion to dismiss. To the extent that Perry argues that the trial court should have held a live hearing at which he could be present, an inmate does not

---

[32] *Thomas v. Brown*, 927 S.W.2d 122, 126–27 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

[33] 42 U.S.C.A. § 1983 (West 2012).

have an absolute right to appear in court in a civil proceeding,[34] and Perry did not raise this complaint in his petition.[35] We overrule this part of Perry's third point.

Perry further argues that the suspension of discovery violated his right to due process because Appellees failed to reveal their evidence due to the suspension, and because the Fifth Circuit has held that a procedure violates due process when the government fails to reveal its evidence. The case cited by Perry, *Freeman v. City of Dallas*,[36] has no application to this case. The court in that case considered whether a city board met due process in proceedings to consider whether property was in violation of city codes and should be demolished.[37] Because Perry, the plaintiff in this case, is the party seeking affirmative relief, he had the burden to produce evidence, not Appellees.[38]

Chapter fourteen states that a trial court may hold a hearing to determine whether a claim should be dismissed under that chapter and that the hearing

---

[34]*Birdo v. Holbrook*, 775 S.W.2d 411, 414 (Tex. App.—Fort Worth 1989, writ denied).

[35]Tex. R. App. P. 33.1 (providing that complaints raised on appeal must first be raised in the trial court); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (stating that "a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal").

[36]186 F.3d 601, 607 (5th Cir. 1999).

[37]*Id.* at 606–07.

[38]*See Pace Corp. v. Jackson*, 155 Tex. 179, 284 S.W.2d 340, 350 (1955) (stating that the person asking for action from the court has the burden of proof); *Barclay v. Burge*, 245 S.W.2d 1021, 1023 (Tex. Civ. App.—Beaumont 1952, no writ) (stating that usually the plaintiff has the burden of proof).

may be held upon the motion of the court, the court clerk, or a party.[39]  When such a motion is filed, the trial court must suspend discovery.[40]  Appellees requested a hearing on their motion to dismiss, and as such, the trial court was required to suspend discovery.  Furthermore, Perry does not explain what evidence he expected to obtain through discovery and does not explain how the evidence would have prevented his claims from being dismissed under chapter fourteen.[41]  We overrule this part of Perry's third point.

Perry also complains about the lack of due process in one of his disciplinary cases.  He argues that he was denied due process when he was not present at a disciplinary hearing because the Eleventh Circuit has held that an inmate's presence at such a hearing resulting in the loss of good time credit is one of the due process protections afforded by the Fourteenth Amendment.

In Perry's petition, he includes a claim for "Judicial Review Under Inherent Right of Review of Agency decision that Violates a Constitutional Rights."  He complains that his hearing officer was biased against him and that the hearing officer deprived him of good time credits without a constitutionally adequate written statement of the evidence supporting the finding of guilt.

---

[39]Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c).

[40]*Id.* § 14.003(d) (providing that upon the filing of a motion for a hearing, the trial court shall suspend discovery pending the hearing).

[41]*See* Tex. R. App. P. 44.1.

The petition, however, does not include a claim that he was denied due process because he was not allowed to be present at the disciplinary hearing. The complaint raised on appeal must be the same as the one raised in the trial court.[42] Because Perry did not raise this complaint in the trial court, we may not consider it.[43]

Perry states that this claim is missing from the clerk's record and that the clerk did not include his complete complaint. Perry is correct that this claim does not appear in his petition. We have verified with the clerk of the trial court that all pages of his petition were included in the appellate record. If the record does not include some pages of his petition, those pages apparently did not reach the trial court for filing.

But even if the petition had included this claim, in his appellate brief, Perry appears to complain about a procedural defect that, if established, would imply the invalidity of the deprivation of his good-time credits, and as such, he was required to pursue a habeas corpus action.[44] Before initiating habeas corpus

---

[42] *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997).

[43] *See* Tex. R. App. P. 33.1.

[44] *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242, 1247 (2005). To the extent that Perry meant to assert a § 1983 action for damages as opposed to the recovery of good-time credits, if a favorable judgment on his claim would necessarily imply the invalidity of the decision in the disciplinary hearing or the length of his confinement, he could not assert a § 1983 claim for damages based on a disciplinary hearing unless the decision had been reversed or found invalid. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). He also could not assert a § 1983 claim to recover good-time credits. *See id.*

14

proceedings to challenge the deprivation of his good-time credits, an inmate is required to exhaust his administrative remedies.[45]  Perry timely filed a Step 1 and Step 2 grievance on this complaint.  But this grievance was among those attached to his petition that were decided more than thirty-one days before he filed suit and for which he did not file an affidavit stating on what date the final decision was returned to him.  We have held that the trial court did not abuse its discretion by dismissing any claim based on this grievance.  We overrule this part of Perry's third point.

Finally under his third point, Perry argues that dismissal is the wrong remedy for a bad faith suit and that the proper remedy is a final adjudication on the merits of the claim, not an avoidance of the issue by dismissal without prejudice.  Perry's argument is without merit, and his reliance on *United States Agencies v. Continental Casualty Co.*[46] is misplaced.  Chapter fourteen clearly provides for dismissal of frivolous claims by indigent inmates.[47]  Furthermore, Perry's claims were not dismissed with prejudice.  We overrule Perry's third point.

Lastly, in his fifth point, Perry argues that chapter fourteen as interpreted by the courts contains an arbitrary mandate in that the chapter's requirement that

---

[45]Tex. Gov't Code Ann. § 501.0081 (West 2012).

[46]555 S.W.2d 192 (Tex. Civ. App.—Dallas 1977, no writ), *disapproved of by Greenberg v. Brookshire*, 640 S.W.2d 870, 872 n.2 (Tex. 1982).

[47]Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a).

15

an inmate provide an affidavit of previous filings allows Texas courts to assume an indigent inmate's suit is substantially similar to one previously filed by the inmate and therefore frivolous. We are unclear on what Perry's argument is here, and he does not provide us with guidance by citing to any authority. We therefore hold that this argument is inadequately briefed, and we overrule this part of Perry's fifth point on that ground.[48]

Perry cites *Howlett ex rel. Howlett v. Rose*[49] to argue that "[a] State may not . . . relieve congestion in its courts by declaring a whole category of federal claims to be frivolous."[50] But chapter fourteen does not provide that any particular category of claims—such as § 1983 claims by inmates—are necessarily frivolous. It merely provides that, should a court determine that a

---

[48]*See* Tex. R. App. P. 38.1(i) (requiring argument to be supported by appropriate citations to the record); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (stating that appellate court has discretion to waive point due to inadequate briefing); *Devine v. Dallas Cnty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (holding that when a party fails to adequately brief a complaint, he waives the issue on appeal).

[49]496 U.S. 356, 380, 110 S. Ct. 2430, 2445 (1990).

[50]For the sake of accuracy, we note without comment that the *Rose* court stated that "[a] State may adopt neutral procedural rules to discourage frivolous litigation of all kinds, as long as those rules are not pre-empted by a valid federal law" but that "[a] State may not, however, relieve congestion in its courts by declaring a whole category of federal claims to be frivolous." *Id.*

16

particular claim filed by an indigent inmate *is* frivolous, the trial court may dismiss it.[51] We overrule the remainder of Perry's fifth point.

To the extent that Perry has raised any other arguments that we have not addressed, they are unintelligible or otherwise inadequately briefed and, accordingly, are overruled.[52]

## Conclusion

Having overruled all of Perry's points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  June 20, 2013

---

[51] *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (stating that a court *may* dismiss a claim if the court finds it is frivolous).

[52] *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284.