**DUB SHAW FORD, INC. and Hemphill McCombs Leasing Company, Appellants,**

v.

**COMPTROLLER OF PUBLIC ACCOUNTS, State of Texas, et al., Appellees.**

**No. 11910.**

Court of Civil Appeals of Texas, Austin.

April 12, 1972.

Rogers, Ehrle & Hughes, Will Ehrle, Robert H. Hughes, Austin, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace, Gordon C. Cass and J. H. Broadhurst, Asst. Attys. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

Appellants, plaintiffs below, filed suit in the District Court of Travis County seeking a declaratory judgment to determine their liability for certain taxes provided for by Chapter 6 of Title 122A, Tex.Tax.-Gen., Vernon's Annotated Civil Statutes.

The Appellees filed in effect a plea to the jurisdiction, denominated a plea in abatement, challenging the jurisdiction of the court inasmuch as Appellants had not complied with the provisions of Chapter 1 and Chapter 6 of Title 122A, Tex.Tax.-Gen., Vernon's Civil Statutes, which prescribes certain administrative procedures to be followed. The Trial Court sustained Appellees' plea and dismissed the suit, to which action Appellants have perfected their appeal to this Court.

Appellants contend that they have the right to proceed under the declaratory judgment statute, Article 2524–1, Vernon's Ann.Civ.St., and that this remedy is available to them in addition or as an alternative, to the provisions of Chapter 1 and Chapter 6 of Title 122A which provides for a redetermination of taxes by the Comptroller.

The Comptroller had audited both Appellees and, as a result, declared that additional taxes were due from both for certain periods of time under the motor vehicle sales and use tax.[1] Appellant Shaw, asserting that the Comptroller had wrongfully construed the applicable laws, requested and was granted a hearing on redetermination by the Comptroller under Article 1.032 of Title 122A. An order following the hearing was issued by the Comptroller confirming Shaw's liability for back taxes. Appellant McCombs requested and was granted a hearing on redetermination, but no order was issued by the Comptroller prior to the filing of the declaratory judgment action in the court below nor has such an order yet been entered.

The pertinent parts of Article 1.05 are as follows:

"Art. 1.05   Payment of License or Privilege Taxes Under Protest

(1) Protest. Any person, firm, or corporation who may be required to pay to the head of any department of the State Government any occupation, gross receipts, franchise, license or other privilege tax or fee, and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same shall, nevertheless, be required to pay such amount as such public official charged with the collection thereof may deem to be due the State, and shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized.

(2) Suits for recovery of taxes or fees. Upon the payment of such taxes or fees, accompanied by such written protest, the taxpayer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. Such suit shall be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General. The issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as

1. Articles 6.01–6.09, Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended.

originally filed. The right of appeal shall exist as in other cases provided by law. Provided, however, where a class action is brought by any taxpayer all other taxpayers belonging to the class and represented in such class action who have properly protested as herein provided shall not be required to file separate suits but shall be entitled to and governed by the decision rendered in such class action. A class action shall include any suit filed by any two or more persons, firms, corporation or association of persons who have paid under protest such taxes or fees referred to in section (1) hereof."

Appellants rest their case, largely, on Cobb v. Harrington, 144 Tex. 360, 190 S. W.2d 709 (1945), which they assert, held that a declaratory judgment suit could be brought in a situation such as we have before us, as an alternative to the protest statute then in effect, Sections 1 and 2 of Article 7057b. Sections 1 and 2 of Article 7057b and Article 1.05 are for all practical effect identical. In other words, Cobb v. Harrington held that the suspense statute, providing for suit to recover taxes paid under protest, does not provide an exclusive remedy so as to preclude action for a declaratory judgment.

Subsequent to Cobb v. Harrington, supra, the Legislature enacted Articles 6.06 and 1.032 of Title 122A, Taxation-General which are as follows:

"Article 6.06:

(1) If the Comptroller upon audit of the records of the seller shall determine that the amount of tax due on any transaction was incorrectly reported on the joint affidavit so that the tax actually paid was less than that actually due, the seller shall then be liable for the full amount of tax determined to be due plus a penalty of ten per cent (10%) of the amount of tax due and interest on the amount of tax due computed at the rate of six per cent (6%) per annum beginning sixty (60) days from the date on which the joint affidavit was executed. The Comptroller shall notify the seller in writing of his determination and the seller shall, within ten (10) days following the receipt of such notice, pay to the Comptroller the amount of back taxes, penalty and interest. The Comptroller shall promulgate rules and regulations under which the seller may petition for a redetermination of liability and shall grant the seller an oral hearing. The Comptroller may decrease or increase the amount of his determination before it becomes final, but the amount may be increased only if a claim for the increase is asserted by the Comptroller at or before the hearing, in which case the seller shall be entitled to a thirty-day continuance of the hearing to allow him to obtain and produce further evidence applicable to the items upon which the increase is based."

Article 1.032 of Title 122A, is quoted herein as follows:

"(A) Deficiency Determination. If the Comptroller is not satisfied with the return or returns of the tax or the amount of tax required to be paid to the State by any person, he may compute and determine the amount required to be paid upon the basis of the facts contained in the return or returns or upon the basis of any information within his possession or which may come into his possession.

(B) Notice. The notice may be served personally or by mail; if by mail, the notice shall be addressed to the taxpayer or other person at his address as it appears in the records of the Comptroller. Service by mail is complete at the time of deposit in the United States Post Office.

(C) Redetermination. Any person against whom a determination is made under Article 1.032, or any person directly interested, may petition for a redetermination within thirty (30) days after service upon the person of notice thereof. If a petition for redetermination is not filed within the thirty-day period, the determination becomes final at the expiration of the period.

(D) Oral Hearing. If a petition for re-determination is filed within the thirty-day period, the Comptroller shall reconsider the determination and, if the person has so requested in his petition, shall grant the person an oral hearing and shall give him twenty (20) days' notice of the time and place of the hearing.

(E) Finality of Order. The order or the decision of the Comptroller upon a petition for redetermination becomes final thirty (30) days after service upon the petitioner of notice thereof."

In Cobb v. Harrington *supra* the Court stated: "We do not hold that the declaratory judgment procedure may be used when a statute provides an administrative board or other special tribunal or special procedure for the particular type of case in hand as, for example, a workmen's compensation case."

Subsequent to Cobb v. Harrington, *supra*, the Legislature has provided "special procedure." However in the case at bar we need not decide whether the alternate remedies discussed above are available. The question before us has narrowed to a consideration of the doctrine of the exhaustion of administrative remedies. Since both Appellants have sought the jurisdiction of the Comptroller under the statutes providing for a redetermination of taxes by the Comptroller, the court below properly denied the declaratory judgment. This view is in conformance with the holding of the Supreme Court in Texas Liquor Control Board v. Canyon Creek Land Corp., 456 S.W.2d 891 (Tex.1970). In that case the Court cited the general rule that an action for declaratory judgment will not be entertained if there is pending at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action, citing cases.

We hold that once the Appellants elected to proceed under the administrative remedies, they must exhaust them and may not abandon them and file a petition for a declaratory judgment. Appellant McCombs did not await the outcome of his petition for a redetermination by the Comptroller's department but elected to abandon that proceeding and file a suit for a declaratory judgment. Appellant Dub Shaw Ford, Inc., instead of proceeding to pay the tax under protest as provided by Title 122A, elected to abandon that proceeding and filed suit for declaratory judgment. Appellants have a right for a judicial determination following the exhaustion of the administrative remedy.

The judgment of the Trial Court is affirmed.

Affirmed.