**TEXAS AIR CONTROL BOARD et al.,**
Appellants,

v.

**TRAVIS COUNTY, Texas, Appellee.**

No. 12075.

Court of Civil Appeals of Texas,
Austin.

Oct. 31, 1973.

Rehearing Denied Dec. 5, 1973.

**214**

———◆———

John L. Hill, Atty. Gen. of Tex., Mike Willatt, Asst. Atty. Gen., Austin, Will G. Barber, Howard V. Rose, Brown, Maroney, Rose, Baker & Barber, Austin, for appellants.

Ned Granger, County Atty., Roy Rutland, III, Asst. County Atty., Austin, for appellee.

SHANNON, Justice.

The question for decision is whether the district court of Travis County is empowered to enjoin the Texas Air Control Board from hearing an intra-agency appeal

from the order of the Board's Executive Director. We are of the opinion that the district court is without that authority. Accordingly, we will reverse the judgment and remand the cause with instructions that it be dismissed without prejudice.

Appellants are the Texas Air Control Board, its members,[1] its Executive Director,[2] Charles R. Barden and Dahlstrom Corporation. Appellee is Travis County. The statute involved is Tex.Rev.Civ.Stat. Ann.Art. 4477-5, commonly called the Texas Clean Air Act.

On September 9, 1972, Dahlstrom filed an application with the Board for a permit to construct a rock crusher in the southwest part of Travis County near Oak Hill, pursuant to Tex.Rev.Civ.Stat.Ann. Art. 4477-5, § 3.27. On November 15, 1972, a hearing examiner for the Board held a public hearing concerning that application. The Board's Executive Director was in attendance. At the hearing, area residents, officials, and organizations, including the Commissioners' Court of Travis County, voiced vigorous opposition. On February 20, 1973, after making various requirements of Dahlstrom, the Executive Director granted the permit, subject to certain conditions, including special provision number 12. That provision specified that any operating permit, issued pursuant to the construction permit, would expire one year from the date operation of the rock crusher commenced.

Dahlstrom was dissatisfied with the permit as approved, and requested that the Executive Director delete special provision 12. On March 12, the Executive Director denied the request for deletion, and Dahlstrom requested an appeal to the Board. The Executive Director set Dahlstrom's appeal for a hearing before the Board on

1. Herbert C. McKee, Herbert W. Whitney, Wendell H. Hamrick, E. W. Robinson, Charles R. Joynes, John Blair, James D. Abrams, Fred Hartman, and Willie L. Ulich.

2. Tex.Rev.Civ.Stat.Ann. Art. 4477-5 and the General Rules of the Texas Air Control Board use both the term "Executive Director" and

"Executive Secretary." House counsel for the Board testified in the hearing for temporary injunction that the dual usage was an error in draftsmanship. Though the matter is of no consequence in this appeal, for reasons of consistency in this opinion, we will employ the term, "Executive Director."

March 15, 1973. The County did not request an appeal to the Board.

On March 14, the County filed the instant case in the district court of Travis County, and upon request, that court entered a temporary restraining order enjoining the Board from amending Dahlstrom's construction permit. The County claimed, as authority for its suit, Sec. 6.01(a) of the statute, which provides that "A person affected by any ruling, order, decision, or other act of the board may appeal by filing a petition in a district court of Travis County." Some time after the entry of the temporary restraining order, the court permitted Dahlstrom to intervene.

Thereafter the court heard appellants' motion to dismiss and plea in abatement and the County's request for a temporary injunction. As grounds for the dismissal of the County's suit, appellants urged that, among other things, the County had not exhausted its administrative remedies prior to filing suit. The court overruled appellants' motion to dismiss and plea in abatement and entered a temporary injunction enjoining the Board from amending Dahlstrom's construction permit and " . . . from taking any other action in connection with said permit."

In our opinion, the County failed to exhaust its administrative remedy prior to filing suit in district court; further, the County failed to demonstrate any reason why the rule of exhaustion should not be enforced.

The doctrine of exhaustion of administrative remedies has been described as " . . . the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 515 (1938). That doctrine is well established in the jurisprudence of administrative law, McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), and has long been recognized in Texas.[3]

When by reason of statute or rule an agency order is made subject to appeal to higher administrative authority, it has long been regarded that administrative remedies have not been exhausted until the order has been submitted to the higher authority and until that authority has acted. United States v. Sing Tuck or King Do and Thirty-One Others, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917 (1904). See Sun Oil Company v. Railroad Commission of Texas, 158 Tex. 292, 311 S.W.2d 235, 237 (1958).

The rule that judicial control of administrative action should await completion of an administrative proceeding serves many policies. One such policy is to avoid the premature interruption of the administrative process. It is generally more efficient and orderly for the administrative process to go forward without interruption than it is to shift back and forth between agency and court. Also, premature judicial intervention may defeat the basic legislative intent that full use should be made of the agency's specialized understanding within the particular area of regulation. Another eminently practical reason for requiring exhaustion of remedies is that the complaining party may be successful in vindicating his rights in the administrative process and never have to resort to court. Notions of administrative autonomy re-

---

3. In Texas, the concept of exhaustion of administrative remedies often has been referred to in terms of availability of an appeal only in the instance of a "final" administrative order. See Sproles Motor Freight Line v. Smith, 130 S.W.2d 1087 (Tex.Civ.App.1939, writ ref'd), Sun Oil Company v. Railroad Commission of Texas, 158 Tex. 292, 311 S.W.2d 235 (1958). Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242, 246 (1961). In other cases, the doctrine has been identified more conventionally as exhaustion of administrative remedies. See Amalgamated Association v. McDowell, 150 S.W.2d 866 (Tex.Civ.App.1941, no writ), James v. Consolidated Steel Corporation, 195 S.W.2d 955 (Tex.Civ.App.1946, writ ref'd n. r. e.).

quire further that the agency be given first opportunity to discover and correct its own errors. See McKart v. United States, *supra;* University of Texas: Davis, Administrative Law Doctrines, 28 Tex.L.Rev. 168 (1950).

■ The principle of exhaustion of administrative remedies is, like many judicial doctrines, subject to exceptions. In those cases wherein the exhaustion of administrative remedies will cause irreparable injury, or wherein administrative remedies are inadequate, or wherein the agency's action is unconstitutional or beyond its jurisdiction or clearly illegal, the principle is sometimes relaxed. University of Texas: Davis, Administrative Law Doctrines, *supra.* See Texas State Board of Examiners in Optometry v. Carp, *supra.*

■ In the case at bar an applicant, by statute,[4] and any person or "interested person", by rules[5] may appeal any decision of the Executive Director to the Texas Air Control Board. Though the phrasing of Rules 16 and 19 is neither choice nor measured, a fair reading of those rules indicates that the County is numbered among those entitled to appeal the order of the Executive Director to the Board. As a matter of fact, the County does not dispute that it was entitled by the rules to appeal to the Board, but rather argues that the rules are invalid in that they conflict with Section 3.27(g) and represent an effort by the Board to enlarge its own powers.

■ Nothing in Section 3.27(g), or in any other section of the statute, prohibits the Board from making rules to permit parties other than applicants to appeal to it from the order of the Executive Director. We also fail to perceive how the rules broadening the scope of appeal from the order of the Executive Director represent an aggrandizement of the power of the Board.

■■ The County also argues that Section 6.01(a) unqualifiedly authorizes an appeal to district court prior to awaiting completion of the administrative appeal to the Board. Section 6.01(a) provides that a person affected "by any ruling, order, decision, or any act of the Board" may appeal to the district court of Travis County. The County calls attention to the fact that the Board has delegated the responsibility of issuing construction permits to the Executive Director, and from that premise, concludes that under Section 6.01(a) an appeal may be taken to district court at any time from the order of the Executive Director.

It is true that the language of Section 6.01(a) is broad, and, if considered alone, that language might permit an appeal to district court from any and every order of the Executive Director. See Payne v. Texas Water Quality Board, 483 S.W.2d 63 (Tex.Civ.App.1972, no writ). That language, however, is "undoubtedly not intended to be free of all limitation." Sun Oil Company v. Railroad Commission of Texas, *supra.*

Since the doctrine of exhaustion of administrative remedies was established law prior to enactment of the Texas Clean Air Act, the legislature was presumed to have noticed that doctrine when it passed the

---

4. Tex.Rev.Civ.Stat.Ann. Art. 4477–5, § 3.27 (g), "The powers and duties set out in Section 3.27 and Section 3.28 may be delegated by the board to the executive director. The applicant may appeal to the board any decision made by the executive director under these sections."

5. Rule 16 of the General Rules of the Texas Air Control Board provides, "Any person may petition the Board through the Executive Secretary for such consideration and action

related to air pollution control as he may desire. The Board will review and act on the petition in such manner as the Board may prescribe."
Rule 19 of the General Rules of the Texas Air Control Board provides, "The Board may initiate proceedings to revoke or amend a variance or a permit on its own motion, on recommendation of the Executive Secretary, or upon request of an interested person who presents reasonable justifiable grounds therefor."

Act. See Humble Pipe Line Co. v. State, 2 S.W.2d 1018 (Tex.Civ.App.1928, writ ref'd). In our view, the intra-agency appeal afforded by Sec. 3.27(g) is indicative that the legislature contemplated that judicial control of administrative action, as expressed in Sec. 6.01(a), should await completion of the administrative proceeding. Any other construction would render Sec. 3.27(g) useless and unmeaning, a result we should not readily suppose the legislature intended. Chambers v. State, 25 Tex. 307 (1860).

 The County failed to show that its case came within any of the exceptions to the exhaustion of remedies rule. The County does not claim that the Executive Director's order was unconstitutional, or beyond his jurisdiction or clearly illegal. Nor does the County contend that the administrative appeal provided by Section 3.-27(g) and Rules 16 and 19 is inadequate. Inadequacy of administrative remedies sufficient to justify dispensing with the exhaustion requirement has usually involved long-continued and unreasonable delay in hearing and deciding the matter by the agency. See Smith v. Illinois Bell Telephone Co., 270 U.S. 587, 591, 46 S.Ct. 408, 70 L.Ed. 747 (1926). In the case at bar the record shows no delay. The Executive Director denied Dahlstrom's request for deletion on March 12, 1973, and the appeal to the Board was set for March 15, 1973.

There was no showing of irreparable harm so as to justify by-passing the administrative appeal to the Board. Dahlstrom had not commenced construction of the rock crusher, and there was no evidence that it was going to begin construction during the pendency of the appeal to the Board.

The judgment of the district court is reversed with instructions that the cause be dismissed without prejudice to the County's right to appeal the order of the Executive Director to the Texas Air Control Board in the matter of the construction permit issued to Dahlstrom, and without prejudice to the County's right to appeal the order of the Texas Air Control Board in that matter, if aggrieved, to the district court of Travis County.

Reversed and remanded with instructions.

PHILLIPS, C. J., not participating.