HOUSTON NATURAL GAS CORPORA-TION et al., Appellants,

v.

SOUTHWESTERN APPAREL, INC., et al., Appellees.

Nos. 12632, 12636 to 12638.

Court of Civil Appeals of Texas, Austin.

Nov. 23, 1977.

Rehearing Denied Dec. 14, 1977.

Milton L. Bankston, Ruth Burney Pennebaker, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for Houston Natural Gas.

Robert A. Wooldridge, Worsham, Forsythe & Sampels, Dallas, for Dallas Power & Light Co.

Stan McLelland, Baker & Botts, Houston, for Houston Lighting & Power Co. and United Gas, Inc.

Frank M. Ryburn, Jr., J. Dan Bohannan, Burford, Ryburn & Ford, Dallas, for Dallas Power & Light Co.

Don D. Martinson, Fanning & Harper, Dallas, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from an order entered in the court below overruling the plea of privilege filed by appellants herein, seeking to have their suits removed to the counties of their residence. The suits were consolidated for trial and for purposes of this appeal.

We reverse this judgment and order the causes transferred as hereinafter indicated.

Appellees are eleven corporations seeking, individually and as representatives of a class of those similarly situated, to recover State sales taxes allegedly collected from them upon their purchases of natural gas and/or electricity. Appellees maintain that portions of their gas and/or electricity purchases are exempt from taxation under Art. 20.04(R), Taxation-General, Vernon's Civil Statutes (1969), because such portions are used in connection with manufacturing (as opposed to commercial or residential use). Appellees also sue for an injunction enjoining appellants, utility companies, and Comptroller of Public Accounts from the collection of such taxes in the future.

Appellees seek to maintain venue against appellants in Travis County under subdivisions 4, 29a, and 30 of Article 1995, V.C.S., and although numerous points of error have been raised by appellants in several briefs submitted, our opinion will be directed to the positions taken by the parties hereto with respect to subdivision 4, the remaining subdivisions having been abandoned on appeal.

At the outset, so that a better understanding may be had of the underlying facts of this lawsuit, we will state a summary of appellee State Comptroller's evidence.

Utilities, like other retailers, are required to collect sales tax on all of their sales unless the utilities can prove that a sale is exempt by producing an exemption or resale certificate. Utilities, like other retailers pay such taxes to the Comptroller by filing quarterly returns, keeping a specified percentage of the taxes collected for timely filing the return. The Comptroller deposits the taxes in the State's general fund and in the city trust fund, keeping a retainage of that portion deposited in the city trust fund in order to make any appropriate refunds. The Comptroller has audit procedures to see that such taxes are properly collected. Upon audit, the Comptroller will charge a utility with tax unless the utility can supply a certificate. The Comptroller will honor a certificate accepted by a utility in good faith. Utilities, like other retailers make no judgment or discretionary calls in determining whether a particular sale is taxable or exempt; all that is required is for the retailer to be in good faith in accepting a certificate. Exemption certificate forms can be obtained from either the Comptroller or from retailers. However, it is not required that this particular form be used. The form is provided merely for convenience and any piece of paper is sufficient when it is signed by the consumer and states the reason for the exemption. This form is an exceedingly simple one requiring the filling in of only one line.

It is the Comptroller's position that one must claim his exemption by following this simple procedure in order to avoid taxation. If a taxpayer pays tax without submitting an exemption certificate but later shows the sale to be exempt, refunds are available.

The Comptroller expects sales tax to be collected in the absence of such a certificate. It would be extremely difficult, if not impossible, to administer the sales tax law without the use of such certificates.

I

Article 1995, subdivision 4, provides in part:

"4. Defendants in different counties. —If two or more defendants reside in

different counties, suit may be brought in any county where one of the defendants resides. . . ."

■ Under the holding of *Stockyard National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936), including the many cases following the Court's decision on this point, a plaintiff in order to maintain venue under subdivision 4, must: (1) allege and prove by the preponderance of the evidence that at least one of the defendants resides in the county of suit; (2) allege and prove by a preponderance of the evidence each and every element of a bona fide cause of action against the resident defendant; and (3) show by his pleadings that the nonresident defendant is properly joined in the suit against the resident defendant.

A nonresident defendant's plea of privilege must be sustained if the plaintiff fails to establish any one of these venue facts. In our judgment appellees have failed to prove a cause of action against the Comptroller in Travis County. Consequently, the plea of privilege of each of the appellants should have been sustained.

Appellees' alleged cause of action can, primarily, be divided into two parts: first, the recovery from the Comptroller of certain taxes illegally paid and, second, the illegality of the manner in which the Comptroller attempts to collect the taxes.

With respect to recovery of taxes allegedly illegally collected by the Comptroller, we are confronted at the outset with Article 20.10, V.C.S., which outlines the procedure which a complaining taxpayer must follow in proving his right to recovery of taxes illegally collected before he has a cause of action which can be judicially determined. Article 20.10(G) provides that: "No suit or proceeding shall be maintained in any court for the recovery of any amount alleged to have been erroneously or illegally determined or collected unless a claim for refund or credit has been duly filed." Then within ninety days after his claim has been filed with the Comptroller " . . . the claim-

ant may bring an action against the Comptroller on the grounds set forth in the claim in a court of competent jurisdiction in Travis County, Texas, for recovery of the whole or any part of the amount with respect to which the claim has been disallowed." (Art. 20.10(H)(1)).

■ Appellees have neither pleaded nor proved that each of them has filed claims for refund. Obviously, it follows that the Comptroller has not disallowed any claims as yet. See this Court's opinions in *Dub Shaw Ford, Inc. v. Comptroller of Public Accounts*, 479 S.W.2d 403 (Tex.Civ.App. 1972, no writ); *Texas Air Control Board v. Travis County*, 502 S.W.2d 213 (Tex.Civ. App.1973, no writ). Consequently, appellees were premature in bringing suit on their claim for refund.

In *Texas Air Control Board*, this Court stated the exceptions to the principle of exhaustion of administrative remedies are where the administrative remedies themselves are inadequate; or where the agency's action is unconstitutional, beyond its jurisdiction, or clearly illegal.

This brings us to the second part of appellees' cause of action, that is, the contention that the Comptroller's manner of collecting the taxes was illegal or *ultra vires*.

## II

Appellees contend that they and their class are purchasers of gas and electricity for purposes other than commercial or residential use and that those purchases of gas and electricity are thereby exempt from taxation pursuant to Article 20.04(R), Taxation-General, V.C.S.

Appellees further contend that the Comptroller, under the statutory duty of collecting the sales excise tax on gas, has promulgated Regulations 95–0.07 and 95–0.12 which are illegal and/or *ultra vires*.

Comptroller's Regulation 95–0.07 places an affirmative duty on anyone claiming an exemption from the sales excise tax to

make a written request for an exemption therefrom to the Comptroller by furnishing an exemption certificate to appellants and members of their class as a condition precedent to a taxpayer avoiding taxes under Art. 20.04(R).

Regulation 95–0.12, or the "predominant use theory," is a rule applied by the Comptroller to all meter readings where there is both an exempt and nonexempt use of the utility measured by the meter reading. That is to say, the total reading shall either be exempt or nonexempt depending upon the predominant use of the utility service so furnished. This method may be used only where there is no practical way to determine what part of the gas or electricity is used in a taxable manner.

Appellees argue that there is nothing in Article 20.04(R) that expressly or impliedly gives the Comptroller the authority to impose burdens, conditions and restrictions in excess of or inconsistent with statutory provisions.[1] We cannot agree with this contention.

■ Article 20.11, Taxation-General, V.C.S., specifically authorizes the Comptroller to promulgate rules and regulations relating to the administration and enforcement of the Limited Sales, Excise and Use Tax Act. In *Gerst v. Oak Cliff Savings and Loan Association*, 432 S.W.2d 702 (Tex. 1968), the Supreme Court stated that the determining factor in deciding the question of whether or not a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the act involved. Also see this Court's opinion in *Jefco, Inc. v. Lewis*, 520 S.W.2d 915 (Tex.Civ.App.1975, writ ref'd n.r.e.). The uncontroverted evidence in this record is that the administration and enforcement of the act in question would be extremely difficult, if not impossible, without the use of exemption certificates. No specific form of exemption certificate is required and the execution of a satisfactory certificate requires only a minimum of effort by those claiming the exemption. It takes little reflection to imagine the unnecessary and unreasonable complexity of any other alternative. The testimony also discloses that if a consumer pays a tax and later claims his exemption, a refund will be forthcoming.

■ We also find that the Comptroller's Ruling 95–0.12 pertaining to the "predominant use theory" is in harmony with the general objectives of the Act, that the testimony reveals that it has been found to be workable through many years of application and is used only where there is no practical way to determine what part of the gas or electricity is used in a taxable manner.

The judgment of the trial court is reversed and the cause is remanded with instructions to transfer the suits against appellants to the counties of their residence.

---

1. In this connection appellees cite: *Kelly v. Industrial Accident Board*, 358 S.W.2d 874 (Tex.Civ.App.1962, writ ref'd); *Gulf Coast Water Co. v. Cartwright*, 160 S.W.2d 269 (Tex. Civ.App.1942, writ ref'd w.o.m.); *Railroad Commission v. Fort Worth & D.C. Ry. Co.*, 161 S.W.2d 560 (Tex.Civ.App.1942, writ ref'd w.o. m.); *State v. Jackson*, 370 S.W.2d 797 (Tex.Civ. App.1963), aff'd, 376 S.W.2d 341.