**SOUTHWESTERN APPAREL, INC.
et al., Appellants,**

**v.**

**Bob BULLOCK, Comptroller of Public
Accounts, Appellee.**

**No. 13080.**

Court of Civil Appeals of Texas,
Austin.

April 23, 1980.

Don D. Martinson, Fanning, Harper, Wilson, Martinson & Fanning, Dallas, for appellants.

Mark White, Atty. Gen., Myra A. McDaniel, Asst. Atty. Gen., Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal by Southwestern Apparel, Inc., and others, appellants, from an order of the trial court dismissing their suit against appellee Comptroller of Public Accounts.

Appellants sought a judgment declaring that taxes paid by appellants were illegally collected and also sought a refund of taxes paid. The appellants contended that the collection of sales taxes by appellee was illegal and in contravention of Tex.Tax.-Gen.Ann. art. 20.04(R) (Supp.1980), which exempts from sales taxes certain purchasers and consumers of gas and electricity for purposes other than residential or commercial use. The appellee filed a "Plea to the Jurisdiction of the Court," asserting that, as a matter of law, this is a suit against the State Comptroller of Public Accounts acting within the scope of his authority and in his official capacity, and that it is thus a suit against the State asking for a money judgment which cannot be maintained without the consent of the Legislature. Appellee further asserted that the suit was brought prematurely in that appellants did not first file a claim for refund before filing suit. The trial court dismissed the suit.

We affirm.

This suit was first filed in Travis County in 1975 by appellants against appellee and eleven utility companies throughout the state. Various defendants filed pleas of privilege, which were overruled by the trial court. On appeal this Court reversed the judgment of the trial court and ordered that the suits be transferred to the counties of the various defendants' residences. *Houston Natural Gas Company v. Southwestern Apparel, Inc.,* 558 S.W.2d 950 (Tex. Civ.App.—Austin 1977, writ dism'd). This Court held in that opinion that appellants had not proved a cause of action against the Comptroller, a resident of Travis County, because they had not exhausted their administrative remedies before seeking a judicial determination of their rights. In particular, appellants did not comply with Tex. Tax.-Gen.Ann. art. 20.10,[1] which outlines the procedures which a complaining taxpayer must follow in proving his right to recovery of taxes illegally collected before he has a cause of action which can be judicially determined.[2]

Thereafter, appellants dismissed the suit against the eleven utility companies, leaving the Comptroller as the sole defendant. The Comptroller then filed the plea to the jurisdiction. At the hearing on the plea, the appellee offered into evidence parts of the statement of facts given at the previous plea of privilege hearing, which was admitted without objection.

Appellants assign as error: (1) that the trial court erred in sustaining appellee's plea to the jurisdiction because permission to sue the State is not required when the suit alleges that the Comptroller acted illegally and outside the course and scope of his authority; (2) that the court erred in sustaining appellee's plea to the jurisdiction because this is not a suit for money damages; and (3) that the trial court erred in sustaining the plea to the jurisdiction because appellants are not required to comply with the refund procedures of Art. 20.10.

Initially, we reject appellee's argument that this Court's opinion in *Houston Natural Gas Company v. Southwestern Apparel, Inc., supra,* acts as a bar to appel-

---

1. Since repealed. *See* Tex. Laws 1973, ch. 584, § 5, at 1622.

2. A detailed review of the applicable law is included in that opinion, and the reader is referred to that account as a supplement to this case.

lant's cause of action. Appellee asserts that our opinion in that appeal from the plea of privilege hearing "operates to prevent a question of law or an issue of fact which has once been litigated . . . from being relitigated." This argument is unsound because it presupposes that our judgment in the earlier appeal was a final judgment disposing of all issues and parties, which is required before the application of appellee's *res judicata* argument.[3] A ruling on a plea of privilege is treated as final only insofar as it disposes of the issues as to the venue of the case. *Wichita Falls & S. R. Co. v. McDonald*, 141 Tex. 555, 174 S.W.2d 951 (1943).

Appellee contends that even if the judgment in the earlier plea of privilege hearing does not bar this action, the evidence introduced at the hearing on the plea to the jurisdiction supports the court's order dismissing the cause. We agree.

A plea to the jurisdiction of the trial court is a dilatory plea; if sustained, it requires a dismissal of the cause of action. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967). The burden is on the party asserting the plea to the jurisdiction to prove such a plea.

In the discharge of his burden, appellee offered into evidence a great deal of the record from the plea of privilege hearing. This evidence consisted of testimony from the Director of the Sales Tax Division of the Comptroller's office and from the Director of the Hearings Division of the Comptroller's office, as well as testimony from various representatives of the appellant corporations. Appellants did not attempt to rebut or in any way controvert appellee's evidence. Judge Herman Jones, who presided at the plea of privilege hearing, entered an order that appellants had not complied with the jurisdictional require-

ments. We are of the opinion that appellee sustained its burden of proof in the jurisdictional hearing and that the trial court properly dismissed the suit. We therefore overrule appellants' points of error.

The judgment of the trial court is affirmed.

---

**3.** In *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), a statement of the traditional rule of *res judicata* is stated:

"A question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recov-

ery or defense in a suit or action between parties sui juris, is conclusively settled by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action . . . ."