Brown v. TEC 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-063-CV

     DORIS BROWN,
                                                                                              Appellant
     v.

     TEXAS EMPLOYMENT COMMISSION, ET AL.,
                                                                                              Appellees
 

From the County Civil Court at Law No. 3
Harris County, Texas
Trial Court # 574,697
                                                                                                    

O P I N I O N
                                                                                                    

      Doris Brown sought a trial de novo from the county court at law to review an adverse decision
of the Texas Employment Commission (TEC). She also brought a breach of contract action
against her former employer for unpaid vacation time. The court dismissed her cause of action
against the TEC for want of jurisdiction and severed the cause of action for breach of contract. 
Brown appeals on two points, asserting that the court erred in dismissing her unemployment-benefits claim and in severing her breach of contract claim. We will overrule the points and
affirm the judgment.
      Brown filed an initial claim for unemployment benefits on June 6, 1990. Her employer of
thirty-four years, Texas Institute of Rehabilitation and Research (TIRR), alleged that Brown
walked off the job. Brown maintained that she was discharged because she had filed a
discrimination claim in 1989. 
      On June 26, 1990, the TEC mailed Brown a "Determination of Claimant's Benefit Rights," 
informing her that she was disqualified to receive benefits because she had walked off the job. 
This initial determination also stated that any appeal of the determination "must be filed in
writing within 14 calendar days after the `date mailed' shown below...." Brown
filed a written appeal on July 11, fifteen days after the determination notice was mailed. She
stated in her appeal, "I am late because I didn't understand that there was a time limit on filing an
appeal." 
      On July 24, the TEC mailed Brown notice of a hearing before the appeals tribunal. Brown,
represented by counsel, appeared before the TEC appeals tribunal and gave evidence. The
hearings officer made findings of fact: "[Brown] was unable to testify as to the exact date she
called the local office but believed that she called the local office on Monday, July 9, 1990. 
[Brown] was instructed that she needed to file the appeal in person and went in on July 11, 1990
and filed an appeal in person." The hearings officer concluded that Brown did not file an appeal
within fourteen calendar days of June 26, that the determination disqualifying her was final, and
that the hearings officer was without jurisdiction to consider the merits of the case. Brown's
appeal was dismissed for want of jurisdiction, leaving the June 26 determination in full force and
effect. 
      Brown next appealed the decision of the tribunal to the Commission, which determined that
the case had been properly decided by the tribunal. Thereafter, Brown filed her original petition
in the county court at law on November 30 seeking review of the TEC's decision to deny her
benefits. Brown later amended her petition to include a breach of contract action against TIRR
for back vacation pay. The TEC filed a plea to the jurisdiction asserting that Brown had failed
to timely appeal the Commission's initial determination and had failed to subsequently file suit
within the time provided by article 5221b-4(b) and 4(i) of the Revised Civil Statutes.
      Article 5221b-4(b) provides for an appeal from the initial determination of the TEC: "A
notice of the determination of the initial claim shall be mailed to the claimant at his last known
address as reflected by the Commission records. The claimant may within fourteen (14) calendar
days from the date such notice was mailed request a redetermination or appeal in the manner
provided in this Section." Tex. Rev. Civ. Stat. Ann. art. 5221b-4(b) (Vernon Supp. 1992). 
"Unless the claimant . . . files an appeal from such determination within fourteen (14) calendar
days after such copy of the determination is mailed to his . . . last known address as reflected by
Commission records, such determination shall be final for all purposes and benefits shall be paid
or denied in accordance therewith . . . ." Id. Davis did not file her appeal within fourteen days
of the initial determination. Under the express provisions of article 5221b-4(b), the initial
determination mailed June 26 became final fourteen days later on July 10.
      The right to judicial review of the Commission's decision is governed by subsection (i) of
article 5221b-4, which states in part: "Within fourteen (14) days after the decision of the
Commission has become final, and not before, any party aggrieved thereby may secure judicial
review thereof by commencing an action in any court of competent jurisdiction in the county of
claimant's residence against the Commission for the review of its decision . . . . Such trial shall
be de novo . . . ." Id. art. 5221b-4(i).
      In its plea to the jurisdiction, the TEC argued that its initial determination denying Davis
benefits became final July 10—fourteen days after the notice was mailed. See id. art. 5221b-4(b). 
Davis was then required to file suit by July 24—fourteen days after the decision became final. See
id. art. 5221b-4(i). Instead, Davis filed suit on November 30—fourteen days after the
Commission's decision upholding the appeal tribunal's ruling.
      The burden of proof is on the party asserting the plea to the jurisdiction. Southwestern
Apparel, Inc. v. Bullock, 598 S.W.2d 702, 704 (Tex. Civ. App.—Austin 1980, no writ). The
record before us indicates that the court conducted a hearing on the plea to the jurisdiction. In its
order of dismissal, the court, "after considering the pleadings, evidence and arguments of
counsel," found that Davis had not complied with article 5221b-4(b) and (i) and that it was
therefore without jurisdiction.
      A volume of TEC exhibits that was introduced at the hearing is before us. However, no
statement of facts from the hearing was brought forward. The burden is on Davis to bring forward
a sufficient record to show error requiring reversal. Tex. R. App. P. 50(d). Without a statement
of facts, we presume the judgment is supported by the evidence. We overrule point one.
      We note that one court of appeals has indicated that an untimely appeal from the TEC's initial
determination deprives both the appeals tribunal and the trial court of jurisdiction to hear the case. 
Brown v. Texas Employment Comm'n, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990,
writ denied). We do not reach this question because we find the record insufficient to warrant
reversal.
      Davis asserts in point two that the court erred in severing her breach of contract action against
TIRR from her action against the TEC. Having determined that the court did not err in sustaining
the TEC's plea to the jurisdiction, we need not reach point two. 
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed November 18, 1992
Do not publish