TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00611-CV






Pasadena Ear, Nose & Throat Clinic, P.A., Appellant



v.



Secretary of State for the State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-15576, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 







 This is an appeal by the Pasadena Ear, Nose & Throat Clinic from a trial court order
dismissing its suit against the Secretary of State. We will affirm the trial court's order.

 The Clinic sought a judgment declaring that the Secretary of State's 1984 involuntary
dissolution of the Clinic's professional association was void. The Clinic contended that the involuntary
dissolution was invalid because the Secretary of State failed to comply with statutory notice requirements. 
See Tex. Bus. Corp. Act Ann. art. 7.01(C)(1) (West Supp. 1997) (ninety-day notice by certified mail
required before corporation involuntarily dissolved); Tex. Rev. Civ. Stat. Ann. art. 1528f, § 25 (West
1997) (Texas Business Corporation Act applies to professional associations except to extent it conflicts
with Texas Professional Association Act). The Clinic contended that it was entitled to reinstatement of its
professional association for the years 1984 through 1995. The Secretary of State filed a plea to the
jurisdiction noting that the applicable statute provided the Clinic an administrative remedy of reinstatement
that the Clinic did not pursue timely. The Secretary of State asserted that it complied with all statutorily
required notices before involuntarily dissolving the professional association. Finally, the Secretary of State
contended no other statutory or constitutional provision exists pursuant to which the Clinic could sue the
Secretary of State for reinstatement of its professional association. After a hearing, the trial court dismissed
the case for want of jurisdiction.


BACKGROUND


 On December 17, 1984, after the Clinic failed to file its statutorily required annual
statement, the Secretary of State involuntarily dissolved the Clinic's professional association. See Tex. Rev.
Civ. Stat. Ann. art. 1528f, § 21 (West 1997) (professional associations to file annual reports with secretary
of state); Tex. Bus. Corp. Act Ann. art. 7.01(B)(1) (West Supp. 1997) (involuntary dissolution for failure
to file annual reports). The Clinic claimed it did not receive notice of the involuntary dissolution until March
27, 1995, almost ten years later. The Clinic contacted the Secretary of State's office about the dissolution. 
In response, an employee of the Secretary of State's office, by letter dated October 16, 1995, stated that,
because a review of the association's file did not reveal any reminder notice to the association that it had
failed to file its 1984 annual report, the dissolution was defective. (1) The letter concluded that due to the lack
of notice, upon payment of past due fees and submission of annual reports for the last ten years, the Clinic's
professional association was entitled to reinstatement. In a clarifying follow-up letter dated October 24,
1995, the employee's supervisor informed the Clinic that the Secretary of State was not required to notify
the Clinic of its requirement to file an annual report. Additionally, the letter informed the Clinic that since
it had not cured its reporting neglect, omission, or delinquency within twelve months of the dissolution, the
Secretary of State was without authority to accept late-filed reports and to reinstate the professional
association. Tex. Bus. Corp. Act Ann. art. 7.01(E) (West 1980). The letter noted that the Clinic had
formed another professional association with the same name and membership as of October 5, 1995.


CONTENTIONS OF THE PARTIES


 By a sole point of error, the Clinic raises a number of theories that, based upon rights
created by the October 16 letter, the dissolution should be declared void and the Secretary of State should
amend its records to reflect that the Clinic's professional association has been in good standing before and
since the involuntary dissolution.

 The Secretary of State responds that it properly provided all required notices to the Clinic. 
Accompanying its plea to the jurisdiction, the Secretary of State submitted a copy of a notice sent to the
Clinic dated August 17, 1984, and a signed return receipt. This notice informed the Clinic that its 1984
annual report "must be submitted within 90 days to avoid [an] involuntary dissolution of the association
pursuant to article 7.01 of the Texas Business Corporation Act." The Secretary of State also submitted
a copy of a letter dated December 17, 1984, informing the Clinic that its association was involuntarily
dissolved. The Secretary of State argues that it properly complied with the statutory requirements
regarding an involuntary dissolution of the Clinic's professional association. Additionally, the Secretary of
State contends that since the Clinic did not exhaust administrative remedies available during the twelve
months immediately after the dissolution, and the Clinic did not obtain permission to sue the Secretary of
State, there now exists no right to judicial review. Southwest Airlines Co. v. Texas High-Speed Rail
Auth., 867 S.W.2d 154, 157 (Tex. App.--Austin 1993, writ denied).


DISCUSSION


 The trial court determines a plea to the jurisdiction based upon pleadings, affidavits and
attachments filed by the parties, the results of discovery processes, and any oral testimony presented at the
hearing. Tex. R. Civ. P. 120a(3). The Secretary of State bears the burden to prove its plea to the
jurisdiction. Southwestern Apparel, Inc. v. Bob Bullock, Comptroller of Public Accounts, 598 S.W.2d
702, 704 (Tex. Civ. App.--Austin 1980, no writ).

 Article 7.01 of the Texas Business Corporation Act provides the statutory scheme for
involuntary dissolution and reinstatement of a professional association. A professional association may be
dissolved involuntarily by the Secretary of State when it is established that the association is in default by
failing to file any statutorily required report within the time prescribed. Tex. Bus. Corp. Act Ann. art.
7.01(B)(1) (West Supp. 1997). Before involuntarily dissolving a professional association, the Secretary
of State must give the association not less than ninety days notice by certified mail of its failure to file a
statutory report. Id. at art. 7.01(C)(1). The Secretary of State will mail a copy of the certificate
involuntarily dissolving the association showing the date and cause of the dissolution. Tex. Bus. Corp. Act
Ann. art. 7.01(D) (West 1980). An association dissolved under article 7.01, section B, may be reinstated
within twelve months from the date of a dissolution, upon approval of an application for reinstatement. Id.
at 7.01(E). When the Secretary of State approves and files an application for reinstatement, the
professional association's existence will be deemed to have continued without interruption. Id.

 A professional association bears the burden to file annual reports. Based upon the statutory
scheme, filing annual reports is a self-actuating requirement that the association must meet to keep its
charter. There exists no statutory requirement that the Secretary of State notify a professional association
that its annual report is due although the Secretary of State frequently does this as a courtesy.

 Though the trial court did not make findings of fact and conclusions of law, its implied
findings and conclusions are that the Secretary of State met the statutory requirements before involuntarily
dissolving the Clinic's professional association and that the Clinic failed to exhaust its available
administrative remedy. The August 17 letter and its accompanying return receipt submitted by the
Secretary of State showed compliance with the statutory requirement that it give no less than ninety days
notice to the association before involuntarily dissolving the charter. The December 17 letter showed that
the Secretary of State properly informed the Clinic of the association's involuntary dissolution. Thereafter,
for the next ten years, the Clinic did not submit any annual reports.

 The basis of the Clinic's case was the 1995 letter from an employee of the Secretary of
State's office stating it appeared that the Secretary of State had not notified the Clinic it needed to file its
1984 annual report. In a follow-up letter one week later, the Secretary of State's office explained that such
a notice would have been purely a courtesy notice and was not required by statute. We agree with the
Secretary of State that such a notice would have been a courtesy notice that was not required by statute. 
We are of the opinion that the Secretary of State sustained its burden of proof at the jurisdictional hearing
and that the dismissal was proper.


CONCLUSION


 Accordingly, we overrule the Clinic's point of error and affirm the trial court's dismissal
order.



 __________________________________________

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 23, 1997

Do Not Publish

1.   We note that this is a different notice from that which must be given by the Secretary of State before
starting involuntary dissolution procedures.


ts
regarding an involuntary dissolution of the Clinic's professional association. Additionally, the Secretary of
State contends that since the Clinic did not exhaust administrative remedies available during the twelve
months immediately after the dissolution, and the Clinic did not obtain permission to sue the Secretary of
State, there now exists no right to judicial review. Southwest Airlines Co. v. Texas High-Speed Rail
Auth., 867 S.W.2d 154, 157 (Tex. App.--Austin 1993, writ denied).


DISCUSSION


 The trial court determines a plea to the jurisdiction based upon pleadings, affidavits and
attachments filed by the parties, the results of discovery processes, and any oral testimony presented at the
hearing. Tex. R. Civ. P. 120a(3). The Secretary of State bears the burden to prove its plea to the
jurisdiction. Southwestern Apparel, Inc. v. Bob Bullock, Comptroller of Public Accounts, 598 S.W.2d
702, 704 (Tex. Civ. App.--Austin 1980, no writ).

 Article 7.01 of the Texas Business Corporation Act provides the statutory scheme for
involuntary dissolution and reinstatement of a professional association. A professional association may be
dissolved involuntarily by the Secretary of State when it is established that the association is in default by
failing to file any statutorily required report within the time prescribed. Tex. Bus. Corp. Act Ann. art.
7.01(B)(1) (West Supp. 1997). Before involuntarily dissolving a professional association, the Secretary
of State must give the association not less than ninety days notice by certified mail of its failure to file a
statutory report. Id. at art. 7.01(C)(1). The Secretary of State will mail a copy of the certificate
involuntarily dissolving the association showing the date and cause of the dissolution. Tex. Bus. Corp. Act
Ann. art. 7.01(D) (West 1980). An association dissolved under article 7.01, section B, may be reinstated
within twelve months from the date of a dissolution, upon approval of an application for reinstatement. Id.
at 7.01(E). When the Secretary of State approves and files an application for reinstatement, the
professional association's existence will be deemed to have continued without interruption. Id.

 A professional association bears the burden to file annual reports. Based upon the statutory
scheme, filing annual reports is a self-actuating requirement that the association must meet to keep its
charter. There exists no statutory requirement that the Secretary of State notify a professional association
that its annual report is due although the Secretary of State frequently does this as a courtesy.

 Though the trial court did not make findings of fact and conclusions of law, its implied
findings and conclusions are that the Secretary of State met the statutory requirements before involuntarily
dissolving the Clinic's professional association and that the Clinic failed to exhaust its available
administrative remedy. The August 17 letter and its accompanying return receipt submitted by the
Secretary of State showed compliance with the statutory requirement that it give no less than ninety days
notice to the association before involuntarily dissolving the charter. The December 17 letter showed that
the Secretary of State properly informed the Clinic of the association's involuntary dissolution. Thereafter,
for the next ten years, the Clinic did not submit any annual reports.

 The basis of the Clinic's case was the 1995 letter from an employee of the Secretary of
State's office stating it appeared that the Secretary of State had not notified