ACCEPTED
01-13-00865-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/29/2015 4:01:58 PM
CHRISTOPHER PRINE
CLERK

## No. 01-13-00865-CV

## IN THE FIRST COURT OF APPEALS

## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/29/2015 4:01:58 PM
CHRISTOPHER A. PRINE
Clerk

## DARRELL CHURCH,
**Appellant**

**v.**

## CITY OF ALVIN, TEXAS,
**Appellee**

Appeal from Cause No. CI047129, in the
County Court at Law No. 2 of Brazoria County, Texas

## MOTION FOR REHEARING

Appellant Darrell Church submits this Motion for Rehearing, under

TEX. R. APP. P. 49.1, in response to the Opinion issued by the Court June 25,

2015, and requests that the Court consider the following issue:

### ISSUE PRESENTED FOR REVIEW

The Court mistakenly construed the evidence in the record, finding that Church admitted having full, unimpaired access to his property in its current status. No such statement appears in the record. The Court's finding is a mistaken factual finding and a misapplication of the standard of review, which requires that all evidence be construed in the light most favorable to

jurisdiction.

## ARGUMENT & AUTHORITIES

**A.    The Applicable Standard of Review**

When a plea to the jurisdiction challenges the existence of jurisdictional facts, as does the City's, courts may consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised, even where those facts may implicate the merits of the cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex. 2004). If that evidence creates a fact issue as to the jurisdictional issue, then it is for the fact-finder to decide. *Id.,* at 227-28. Only if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, can the trial court rule on the jurisdictional issue as a matter of law. *Id.,* at 228. In considering the evidence submitted by the parties, the Court must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*.

**B.    The Evidence of Record – What Church Did Not Say**

On page 16 of the Opinion, the Court makes the following observation:

2

Church conceded in his deposition that he retains access to his property and his existing driveway, but that driveway access across the bar ditch is 12 feet narrower when compared with the right-of-way access that existed before the bridge construction. Crediting Church's testimony that the entrance across the bar ditch is narrower than it was does not raise a fact issue of a taking by impairment, because Church still has access to the road. *Via his existing driveway, even with his trailer, Church can approach the drive from the far lane.*

Opinion, at 16. The italicized statement—which, if correct would, indeed, show that Church has the same use of his property as he did before the City's actions—has no support in the record. It simply is not there. Church made no such admission anywhere in his deposition, and the City never raised such an admission, even though such an admission would severely harm Church's case.

## C. The Evidence of Record – What Church Did Say

Church described turning into his property while towing his large horse trailer as "impossible." CR 148. When specifically asked about approaching the property from a different direction, Church was unequivocal:

Q: And do I understand you correctly? On the big trailer, you're saying that you can't get that on the property no matter which direction you come from?

A: That's correct.

3

CR 211.

The sole concession made by Church was to agree with the City's counsel that, if he were to move the driveway that allows him to cross the bar ditch between his property and the roadway to another location, he could widen it and be able to bring his trailer on to the property. CR 148-49. Church also agreed that no one has told him that he cannot take such action. *Id.*

But the Court's statement suggests that Church has full access to his property with no such revision. Opinion, at 16 ("Via his *existing* driveway, even with his trailer, Church can approach the drive from the far lane."). Church's testimony is exactly the opposite—that he cannot access his property fully by the existing driveway and would have to move it.[1] Church never admitted that suitable access exists in the current situation.

## D. Applying the Standard

Correctly applying the standard of review requires reversal of the trial court's Order. Church simply does not make the concession that the

---

[1] In its briefing, the City suggested that this was sufficient to constitute reasonable access because suitable access could be had if Church were willing to pay for it out of his own pocket. But this is the entire point of inverse condemnation. A governmental entity cannot place the onus to pay for a governmental project onto a single landowner.

4

Court cites. Furthermore the Court misplaces the standard of review in the same way as the City. Again, on page 16 of its Opinion, it states: "Church did not adduce evidence that the project has prevented him from accessing the roadway along the remaining frontage of his property." Opinion, at 16. This misplaces the burden on a plea to the jurisdiction. The party *attacking* jurisdiction has the burden to show there is *no* jurisdiction. *Southwestern Apparel v. Bullock,* 598 S.W.2d 702, 704 (Tex. App.—Austin 1980, no writ) ("The burden is on the party asserting the plea to the jurisdiction to prove such a plea.").

But the Court's Opinion places that burden on Church. Church argued that he does not have suitable access to his property given the current status quo. The City never argued that he has suitable access, only that he can, if he spends his own money to reclaim it. The Court found that he does have suitable access, despite neither party presenting evidence of such. Thus, the Court's Opinion appears based on statements never made, evidence mistakenly construed, and standards incorrectly applied. Church requests that the Court reconsider its Opinion.

## PRAYER

For the reasons stated in this Motion, Appellant Darrell Church, asks the Court to grant this Motion for Rehearing, withdraw its June 25, 2015, Opinion, reverse the trial court's order granting the City of Alvin's Plea to the Jurisdiction, and remand this case to the trial court for further proceedings.

Respectfully submitted,

**SIMPSON, P.C.**

*/s/ Iain G. Simpson*

_____

Iain G. Simpson
State Bar No. 00791667
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
iain@simpsonpc.com
(281) 989-0742
(281) 596-6960 (fax)

APPELLATE COUNSEL FOR APPELLANT
DARRELL CHURCH

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Rehearing was served this 29th day of June, 2015, via facsimile, hand delivery, electronic service, or certified U.S. Mail, on the following:

John Hightower
Patricia L. Hayden
Olson & Olson, L.L.P.
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019

COUNSEL FOR APPELLEE
CITY OF ALVIN, TEXAS

*/s/ Iain G. Simpson*

_____

Iain G. Simpson